Debbie A. Wolfe, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 6, 1981, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

256

*George R. Price, Jr.,* for petitioner.

*Stephen B. Lipson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., March 3, 1981:

Petitioner (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) denying benefits on the ground of willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

On her last day of work, June 27, 1979, claimant was involved in a disagreement with a fellow employee. According to claimant the two had been having difficulties for some time. On that day the co-worker hit claimant on the side of the head. Claimant "automatically turned and swung and hit her back," causing an injury to the co-worker. The employer's work rules provide for discharge of employees for fighting. For her fight claimant was discharged.

In *Boyer v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 191, 195, 415 A.2d 425, 428-29 (1980), Judge MACPHAIL succinctly summarized the rules governing our review of the instant appeal:

> The burden or proving willful misconduct is on the employer. . . . Where, as here, the party

bearing the burden of proof prevails before the Board, we must determine on appeal whether an error of law has been committed and whether any necessary finding of fact is unsupported by substantial evidence. . . . Because [the employer] prevailed before the Board, it is entitled to the benefit of any inferences which can be reasonably and logically drawn from the evidence on the record. . . . Of course, questions of credibility, resolution of conflicts in the evidence presented, and a determination of the weight to be given the evidence are matters for the Board to determine. (Citations omitted.)

Reconstructing the facts of an emotionally charged incident is a difficult task and belongs to the Board. In the instant appeal the record contains substantial evidence to support the findings of fact, including the third one wherein the Board characterized the blow claimant landed as an immediate retaliation. The issue then is whether those findings will support the Board's legal conclusions.

"Where . . . an employee attempts to justify the alleged misconduct by a showing of good cause, the employee bears the burden of proving such good cause." *Lake v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 138, 140, 409 A.2d 126, 127 (1979). Claimant undertook that burden and presented testimony setting out a case of self-defense. The Board expressly considered whether claimant's conduct was a matter of self-defense and concluded that it was "a willing entry into the fray." While we recognize claimant's right to defend herself against physical assault, *Mula v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 177, 407 A.2d 477 (1979), the Board has made no error of law in concluding that claimant's action was in retaliation for being hit rather than self-defense.

Accordingly, we will enter the following

ORDER

AND Now, March 3, 1981, the order of the Unemployment Compensation Board of Review, Decision No. B-177337, dated October 31, 1979, is affirmed.