**Sean MILLER, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 27, 2013.

Decided Jan. 9, 2014.

---

Christi Wallace, Pittsburgh, for petitioner.

Cindy E. Sheaffer, Assistant Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, President Judge, and COHN JUBELIRER, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Sean Miller (Claimant) petitions for review of the May 7, 2013, order of the Unemployment Compensation Board of Review (UCBR) affirming the decision of a referee to deny Claimant unemployment compensation (UC) benefits. The UCBR determined that Claimant was ineligible for benefits because he was discharged from work for willful misconduct under section 402(e) of the Unemployment Compensation Law (Law).[1] We reverse.

Claimant worked for PepBoys (Employer) as a full-time electrician from July 21, 2009, through December 18, 2012. On December 12, 2012, Claimant needed to install a radio in a customer's vehicle and drove the vehicle to the first available bay. (UCBR's Findings of Fact, Nos. 1–3.)

An employee named Paul, who was not working at the time, told Claimant, "This is my bay. You need to go somewhere else." Claimant explained to Paul that he needed to install a radio in a customer's car and would be done with the installation in 30 minutes. Paul told Claimant, "That's too bad," and slammed down the bay door and locked it. (Id., Nos. 4–6.)

Claimant attempted to unlock the bay door. Paul pushed Claimant's hands off the chain and locked the door again. Claimant and Paul argued about the use of the bay. Claimant told Paul, "We don't need to fight right now. I have a customer waiting." Paul told Claimant, "You want to live?" and grabbed Claimant by the shirt. Paul shoved Claimant back-wards a few steps, and Claimant shoved Paul backwards a few steps. (Id., Nos. 7–11.)

The argument ended, and the service manager approached Claimant and Paul about the incident. The service manager, general manager, and human resources personnel subsequently watched surveillance video of the incident. The surveillance video verified that Paul started the altercation by pushing Claimant, who knocked over a tool cart, and Claimant then pushed Paul back in retaliation. Claimant was in an open area where he could have retreated. (Id., Nos. 12–18.)

On December 18, 2012, Employer discharged Claimant and Paul for fighting in the workplace. Claimant filed a claim for UC benefits, which the local service center denied. Claimant appealed to the referee, who held an evidentiary hearing on March 11, 2013. The referee affirmed the denial of UC benefits, concluding that Claimant was discharged for willful misconduct under section 402(e) of the Law. Claimant appealed to the UCBR, which affirmed. Claimant now petitions for review of that decision.[2]

■ Claimant argues that he did not engage in willful misconduct because he did not initiate the workplace altercation and only acted in self-defense because he had no time to retreat before the confrontation escalated into a physical altercation. We agree.

■ "Willful misconduct" is defined as: (1) a wanton and willful disregard of

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge ... from work for willful misconduct connected with his work." 43 P.S. § 802(e).

2. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

the employer's interests; (2) a deliberate violation of the employer's rules; (3) a disregard of the standards of behavior that an employer rightfully can expect from its employees; or (4) negligence that manifests culpability, wrongful intent, evil design, or an intentional and substantial disregard of the employer's interests or the employee's duties and obligations. *Oliver v. Unemployment Compensation Board of Review*, 5 A.3d 432, 438 (Pa.Cmwlth.2010) (*en banc*). "[F]ighting is considered inimical to the best interests of the employer and, as such, willful misconduct." *Rivera v. Unemployment Compensation Board of Review*, 106 Pa.Cmwlth. 430, 526 A.2d 1253, 1255 (1987).

The referee found that "[Employer] maintains a policy, of which [Claimant] was aware, which precludes individuals from engaging in workplace violence or harassment." (Referee's Findings of Fact, No. 2.) The UCBR made new findings of fact but did not include any findings about the anti-violence policy. Even in the absence of a written policy, fighting may be considered a disregard of the standards of behavior that an employer can expect from its employees, even when the claimant was not the initial aggressor. *Unemployment Compensation Board of Review v. Vojtas*, 23 Pa.Cmwlth. 431, 351 A.2d 700, 702 (1976); *Rivera*, 526 A.2d at 1256; *Wolfe v. Unemployment Compensation Board of Review*, 57 Pa.Cmwlth. 255, 425 A.2d 1218, 1219 (1981). However, using reasonable force in self-defense is, in some situations, justifiable. *See Sun Oil Company v. Unemployment Compensation Board of Review*, 48 Pa.Cmwlth. 21, 408 A.2d 1169, 1171 (1979) ("A reasonable belief of imminent bodily harm and feared danger of an

assault justifies reasonable retaliatory force.").

In *Peeples v. Unemployment Compensation Board of Review*, 104 Pa.Cmwlth. 504, 522 A.2d 680, 681 (1987), an employee was operating a forklift when he got into an argument over its use with a co-worker. The co-worker began slapping the employee in the face and grabbing his clothes. *Id.* The employee was trapped inside the forklift, and the co-worker continued to slap him. *Id.* at 682–83. After the employee's words of solace and inactivity proved ineffective at stopping the violence, the employee started striking back. *Id.* This court found that, under the circumstances, the employee was justified in using reasonable force in self-defense and, thus, did not commit willful misconduct. *Id.*

Like the employee in *Peeples*, Claimant was furthering Employer's interest when his co-worker confronted him. Claimant also initially took steps to avoid physical conflict. Claimant explained to Paul that he needed to install a radio in a customer's car and would be done in half an hour. (UCBR's Findings of Fact, No. 5.) As the conflict escalated, Claimant attempted to diffuse the situation by saying, "We don't need to fight right now, I have a customer waiting." (*Id.*, No. 9.)

At this point, unprovoked, Paul grabbed Claimant by the shirt and said, "You want to live?"[3] This was nothing short of an assault, an indication that bodily harm was imminent. Thus, reasonable force in self-defense was justifiable. *See Sun Oil Company*, 408 A.2d at 1171.

Paul then shoved Claimant, who knocked over a tool cart, and Claimant

---

**3.** According to Claimant, when Paul issued this query he also grabbed a chain and held it up to his chest. (N.T. at 7.)

responded by pushing Paul back.[4] (UCBR's Findings of Fact, No. 15.) We acknowledge that the UCBR found that Claimant was in an open area where he could have retreated. (*Id.*, No. 17.) However, Claimant's push back was an instantaneous and reflexive reaction, and Claimant had the right to protect himself against Paul's physical assault. *Mula v. Unemployment Compensation Board of Review,* 47 Pa.Cmwlth. 177, 407 A.2d 477, 477 (1979).

■ Where an employee's conduct is justifiable or reasonable under the circumstances, it cannot be considered willful misconduct because it is not a willful disregard of standards of behavior that an employer has a right to expect. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 87, 351 A.2d 631, 634 (1976). We conclude that Claimant acted reasonably under the circumstances and, thus, did not commit willful misconduct.

Accordingly, we reverse.

### ORDER

AND NOW, this *9th* day of *January,* 2014, we hereby reverse the May 7, 2013, order of the Unemployment Compensation Board of Review.

---

4. Claimant testified that "Paul is probably a hundred pounds more than me." (N.T. at 7–8.)