## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anne E. Weir,                          :
                       Petitioner       :
                                        :
               v.                       :
                                        :
Unemployment Compensation               :
Board of Review,                        :     No. 1004 C.D. 2015
                       Respondent       :     Submitted: December 4, 2015


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MARY HANNAH LEAVITT, Judge[1]
           HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: March 21, 2016


        Anne E. Weir (Claimant) petitions this Court for review of the
Unemployment Compensation (UC) Board of Review's (UCBR) May 26, 2015 order
affirming the Referee's dismissal of her appeal pursuant to Section 501(e) of the UC
Law (Law).[2]  Essentially, the issue before the Court is whether the UCBR erred by
dismissing Claimant's appeal as untimely.  After review, we affirm.

        Claimant applied for UC benefits after being discharged by Mardinly
Enterprises, LLC (Employer) on October 1, 2014.  At that time, Claimant's address
was 1220 Steel Road, Havertown, Pennsylvania 19083.  On November 21, 2014, the
Lancaster UC Service Center mailed Claimant a Notice of Determination denying her
benefits under Section 402(e) of the UC Law (Law).[3]  On that same day, the

---

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt
became President Judge.

[2] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
821(e) (relating to time for appeal).

[3] 43 P.S. § 802(e) (referring to Claimant's ineligibility due to willful misconduct).

Lancaster UC Service Center mailed Claimant a Fault Notice of Overpayment Determination in accordance with Section 804(a) of the Law,[4] and a Notice of Penalty Determination pursuant to Section 801(b) of the Law.[5] All three Determinations were mailed to Claimant at 1220 Steel Road, Havertown, Pennsylvania 19083, and expressly informed Claimant that December 8, 2014 was the last day to file an appeal.

According to the Department of Labor and Industry's records, Claimant appealed from the Determinations on March 25, 2015. A Referee hearing was held on April 20, 2015. By April 20, 2015 decision, the Referee dismissed Claimant's appeal as untimely pursuant to Section 501(e) of the Law. Claimant appealed to the UCBR and requested a remand hearing. On May 26, 2015, the UCBR denied Claimant's remand request and affirmed the Referee's decision. Claimant appealed to this Court.[6]

Claimant argues that because she filed the appeal from the Determinations by fax on December 8, 2014, the UCBR erred by dismissing her appeal as untimely.

> Section 501(e) of the Law . . . provides that an appeal from the UC Service Center's notice of eligibility determination must be filed 'within fifteen calendar days after such notice was delivered to him [or her] personally, or was mailed to his [or her] last known post office address.'

*Russo v. Unemployment Comp. Bd. of Review*, 13 A.3d 1000, 1002 (Pa. Cmwlth. 2010). "Failure to timely appeal an administrative agency's decision constitutes a

---

[4] 43 P.S. § 874(a).

[5] 43 P.S. § 871(b).

[6] Employer intervened.

"Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence." *Miller v. Unemployment Comp. Bd. of Review*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014).

jurisdictional defect." *Id.* "The appeal provisions of the law are mandatory: failure to file an appeal within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal." *Dumberth v. Unemployment Comp. Bd. of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003) (quoting *U.S. Postal Serv. v. Unemployment Comp. Bd. of Review,* 620 A.2d 572, 573 (Pa. Cmwlth. 1993)).

> If an appeal is not filed within fifteen days of the mailing of the determination, it becomes final, and the [UCBR] does not have the requisite jurisdiction to consider the matter. Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action. Therefore, an appeal filed one day after the expiration of the statutory appeal period must be dismissed as untimely.

*Dumberth*, 837 A.2d at 681 (citations omitted). Although Claimant maintains that she filed her appeal by fax, Section 101.82 of the Department's Regulations states, in relevant part: "A party filing an appeal by fax transmission . . . accepts the risk that the appeal may not be properly or timely filed." 34 Pa. Code § 101.82.

In the instant matter, Claimant testified that she received the Determinations, and explained:

> R[eferee] Now, were you aware that each Determination specified that the final day to file a timely appeal was December 8, 2014?
>
> C[laimant] Correct. And I did file.
>
> R Okay. Do you have any evidence of that?
>
> C I do not. I faxed it. . . .
>
> R Okay. When you say you did it by fax[,] you don't have the confirmation or a sheet . . .
>
> C No.
>
> R . . . or anything to show me?

3

C I do not.

Certified Record Item 10, Notes of Testimony, April 20, 2015 (N.T.) at 5. In addition, Claimant stated:

> EW [Employer representative Frank Morgan (Morgan)] And in your employment with [Employer] . . . you would print out confirmations to faxes, so you're familiar with that procedure.
>
> C No, I didn't. I never printed out confirmations of faxes for [Employer].
>
> [Morgan] But you were aware that you could?
>
> C Yes.

N.T. at 6. Claimant clarified:

> R Did you keep a copy of the fax that you allege that you originally sent?
>
> C Yes. I have that.
>
> R Okay. Do you have it with you?
>
> . . . .
>
> C Yes. What I sent.
>
> . . . .
>
> R Did you just refax the same . . .
>
> C Yes.
>
> R . . . document? Okay.
>
> C Yeah . . .
>
> R So then you don't have a separate copy of . . .
>
> C No.
>
> R . . . a different appeal?
>
> C No.

N.T. at 7. Claimant explained that because she was caring for her husband after his open heart surgery, she forgot about the appeal until her counsel advised her to follow up.[7] Claimant recalled that after she learned that her appeal deadline had passed, she faxed another appeal on March 25, 2015.

> We acknowledge that an appeal's untimeliness is not always fatal.
>
> [T]he [UCBR] may consider an untimely appeal in limited circumstances. The burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is mandatory. An appellant may satisfy this heavy burden in one of two ways. First, [s]he can show the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct. Second, [s]he can show non-negligent conduct beyond h[er] control caused the delay.

*Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008) (citations omitted). This Court has held that a claimant's failure to confirm a successful fax transmission does not qualify as non-negligent conduct beyond her control. *Lopresti v. Unemployment Comp. Bd. of Review*, 55 A.3d 561, 563 (Pa. Cmwlth. 2012).

"In unemployment compensation matters, 'the [UCBR] is the ultimate fact finder and is empowered to resolve conflicts in the evidence and to determine the credibility of witnesses.'" *Goppman v. Unemployment Comp. Bd. of Review*, 845 A.2d 946, 947 n.2 (Pa. Cmwlth. 2004) (quoting *Owoc v. Unemployment Comp. Bd. of Review,* 809 A.2d 441, 443 (Pa. Cmwlth. 2002)). Here, the UCBR "[did] not find credible [] [C]laimant's assertion that she filed an appeal by fax on December 8, 2014." UCBR Dec. at 1.

In light of the UCBR's credibility determination, and there being no evidence that Claimant's untimely appeal was due to "the administrative authority

---

[7] Claimant was not represented by counsel at the time the appeals were due.

engag[ing] in fraudulent behavior or manifestly wrongful or negligent conduct[,]" or "non-negligent conduct beyond [Claimant's] control," and Claimant's appeal was not filed until March 25, 2015, 108 days after the December 8, 2014 deadline, we hold that the UCBR properly affirmed the Referee's decision dismissing Claimant's appeal as untimely. *Hessou*, 942 A.2d at 198.

For the above-stated reasons, the UCBR's order is affirmed.


_____
ANNE E. COVEY, Judge

6

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anne E. Weir,                               :
                        Petitioner          :
                                            :
            v.                              :
                                            :
Unemployment Compensation                   :
Board of Review,                            :    No. 1004 C.D. 2015
                        Respondent          :

## O R D E R

AND NOW, this 21st day of March, 2016, the Unemployment Compensation Board of Review's May 26, 2015 order is affirmed.

_____
ANNE E. COVEY, Judge