IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tina L. Wood,         :
      Petitioner      :
              :
      v.        :   No. 2123 C.D. 2015
              :   Submitted: March 24, 2016
Unemployment Compensation    :
Board of Review,        :
      Respondent     :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
      HONORABLE ANNE E. COVEY, Judge
      HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT        FILED: May 18, 2016

    Tina Wood (Claimant) petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) that dismissed her appeal as untimely. The Board held that Claimant's untimely appeal could not be allowed *nunc pro tunc*. Concluding that the Board erred, we reverse and remand.

    Claimant was last employed by Sterling Jewelers (Employer) on November 5, 2013. Between November 16, 2013, and May 24, 2014, Claimant received a total of $14,274 in unemployment benefits. On May 8, 2015, the Harrisburg Overflow Center (Department) issued a Notice of Determination finding Claimant ineligible for benefits under Section 402(b) of the Unemployment Compensation Law[1] because she had voluntarily quit without a necessitous and

---

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b). Section 402(b) states, in relevant part, that
**(Footnote continued on next page…)**

compelling reason.  In a second Notice of Determination, also dated May 8, 2015, Claimant was charged with a fault overpayment, penalty weeks, and an additional 15% penalty under Section 801[2] of the Law.  Each notice informed Claimant that

(continued…)

> [a]n employe shall be ineligible for compensation for any week … [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature[.]

43 P.S. §802(b).

[2] Section 801 of the Law states, in relevant part:

> (b)    Whoever makes a false statement knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase any compensation or other payment under this act or under an employment security law of any other state or of the Federal Government or of a foreign government, may be disqualified in addition to such week or weeks of improper payments for a penalty period of two weeks and for not more than one additional week for each such week of improper payment: Provided, That no additional weeks of disqualification shall be imposed under this section if prosecution proceedings have been instituted against the claimant because of such misrepresentation or non-disclosure. The departmental determination imposing penalty weeks under the provisions of this subsection shall be subject to appeal in the manner provided in this act for appeals from determinations of compensation. The penalty weeks herein provided for shall be imposed against any weeks with respect to which the claimant would otherwise be eligible for compensation, under the provisions of this act, which begin within the four year period following the end of the benefit year with respect to which the improper payment or payments occurred.

> (c)    Whoever makes a false statement knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase compensation or other payment under this act or under an employment security law of the Federal Government and as a result receives compensation to which he is not entitled shall be liable to pay to the Unemployment Compensation Fund a sum equal to fifteen per centum (15%) of the amount of the compensation. The sum shall be collectible in the manner provided in section 308.1 or 309 of this act for the collection of past due contributions and by any other means available under Federal or State law. No administrative or legal proceeding for the collection of the sum may be instituted after the expiration of ten years following the end of the benefit year with respect to which the sum was paid.

43 P.S. §871.

her last day to appeal was May 26, 2015. Claimant filed her appeal on August 8, 2015. The matter proceeded to a Referee on the issue of the timeliness of Claimant's appeal.

Claimant testified that she did not receive the notices because she was not living at the address in the Department's records on May 8, 2015, *i.e.*, 848 Lampeter Road, Lancaster, Pennsylvania. She had moved to 1520 Lincoln Highway East, also in Lancaster, approximately one year before the notices were sent. Nevertheless, Claimant continued to own the 848 Lampeter Road property, which she rented to her son. He was living at this house when the Department sent its May 2015 notices to Claimant. The Referee asked Claimant what her son did with any mail that arrived for her. She replied:

> I, I have no idea. Some, some mail we got, some mail we didn't. I have no idea what, what I -- obviously I can't tell you what I didn't receive. Any bills, you know, I know what my mortgage payment is. I don't look for mortgage payments, I go straight to the bank and pay the mortgage payment, pay things like that. So I, I wasn't looking for mail. I wouldn't have been looking for something from Unemployment. There was no need to be waiting for something from Unemployment.

Notes of Testimony, 8/28/2015, at 4-5; Reproduced Record at 29a-30a (R.R. ___).

The Referee asked Claimant for documentation that she had moved to 1520 Lincoln Highway East. Claimant and the Referee discussed what sort of evidence Claimant could offer:

> [Claimant]: I don't think -- I don't have anything. I didn't have bills there. I mean I don't have bills in my name there. I didn't make bills in my name there.
>
> [Referee]: Well you must have something I mean with [your second address].

3

> [Claimant]: Well I didn't transfer my driver's license, there was no need to do that. Like I didn't -- I mean [my husband] can testify that I lived there, or people know I was there. I can get affidavits signed that I was …
>
> [Referee]: Well an affidavit wouldn't do me much good.

*Id.* at 5; R.R. 30a.

The Referee then questioned Claimant regarding why she could not produce utility bills or a driver's license verifying her new residence, prompting the following exchange:

> [Claimant]: I purposely was trying not to -- trying not to like let people know that I was there, honestly.
>
> [Referee]: And what was, what was the reason for that?
>
> [Claimant]: For personal reasons. I didn't want anyone to really know where I was.
>
> [Referee]: Okay.
>
> [Claimant]: This, separation of employment from going from the income that I had because of this injury put me in a very, very, very bad financial situation, and I had repo people knocking on our doors at 2:00 a.m. looking for a camper and a car, and that's why I left my home. I was sleeping in a car for a little while because of people looking for me. And it was only, it was only because of that. I mean I'm literally living below the poverty line, and I could lose my job because of this today.

*Id.*

On September 1, 2015, the Referee dismissed Claimant's appeal as untimely. Claimant appealed to the Board, which affirmed the Referee. The Board explained:

> [C]laimant was deliberately trying to avoid being contacted because of creditors. She did not make arrangements to receive

4

mail in a timely fashion. Even though [C]laimant was not receiving benefits at the time of the determination and did not expect mail from the Department, her late appeal was not due to non-negligent conduct.

Board Adjudication at 1. Claimant now petitions for this Court's review.

On appeal,[3] Claimant raises three issues. First, Claimant argues that the Board's adjudication is not supported by substantial evidence. Second, Claimant asserts that the Board erred by not allowing her to appeal *nunc pro tunc*. Third, Claimant contends that the Board did not give Claimant a fair opportunity to prove that she was living at a new address at the time the Department had mailed its notices. Claimant asks this Court to reverse the Board's decision and to remand the matter so that the Referee can consider the merits of Claimant's appeal. The Board counters that Claimant cannot take steps to avoid mail and then claim she was not negligent in failing to receive the Department's notices.

Claimant first argues that the Board's adjudication is not supported by substantial evidence. Specifically, Claimant challenges the Referee's findings of fact numbered 2, 3, 5, and 6, which the Board adopted:

2. Copies of these determinations were mailed to the claimant's last known post office address on the above date.

3. The Notices of Determination were not returned by the postal authorities as being undeliverable.

\*\*\*

---

[3] Our review is to determine whether an error of law was committed, the findings of fact are supported by substantial evidence or Claimant's constitutional rights were violated. *Miller v. Unemployment Compensation Board of Review*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014).

5

5. The claimant did not file an appeal on or before May 26, 2015, but waited until August 8, 2015.

6. The claimant was not misinformed nor in any way misled regarding the right of appeal or the need to appeal.

Referee's Decision at 1-2, Findings of Fact No. 2, 3, 5, and 6.

In unemployment appeals, the Board's findings of fact are conclusive if the record, taken as a whole, contains substantial evidence to support them. *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 831 (Pa. 1977). "Substantial evidence" is all "relevant evidence which a reasonable mind might accept as adequate to support a conclusion." *Philadelphia Gas Works v. Unemployment Compensation Board of Review*, 654 A.2d 153, 157 (Pa. Cmwlth. 1995).

Claimant's challenges to Findings of Fact No. 2, 5 and 6 lack merit. In regards to Finding of Fact No. 2, the Department's files contained copies of the notices sent to Claimant that show when and to what address the notices were mailed. Regarding Finding of Fact No. 5, Claimant argues that the Referee's use of the word "waited" suggests that Claimant consciously chose to file a late appeal. We disagree. The import of this finding is, simply, that Claimant did not file her appeal before August 8, 2015, which is uncontroverted. In Finding of Fact No. 6, the Referee found there is no evidence that the Department misled or misinformed Claimant about her appeal. This "finding" is not supported by substantial evidence. In actuality, this finding simply states that Claimant did not offer evidence that she was misled. We reject Claimant's challenges to Findings of Fact No. 2, 5 and 6.

6

Turning to Finding of Fact No. 3, Claimant is correct that there is no evidence to support the Board's finding that the two Notices of Determination mailed May 8, 2015, were actually delivered to her former address at 848 Lampeter Road. The Department, which did not appear at the hearing, offered no evidence of delivery. However, Claimant's entitlement to *nunc pro tunc* relief does not require a finding of fact that the notices were returned as undeliverable.

We consider, next, Claimant's contention that the Board erred by not allowing her to appeal *nunc pro tunc*. Section 501(e) of the Law requires that an appeal from a notice of determination be filed within 15 days from the date the notice was delivered to the claimant. 43 P.S. §821(e).[4] Nevertheless, appeals can be accepted after the 15-day period under certain narrow circumstances. *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). A claimant may appeal *nunc pro tunc* if the late filing was caused by extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent conduct of the claimant. *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130, 1131 (Pa. 1996).

---

[4] Section 501(e) of the Law provides:

> (e) Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. §821(e).

According to the Board, Claimant did not publicize her new address in order to avoid creditors. Board Brief at 4. The Board asserts that Claimant's purposeful avoidance of mail is negligent conduct that makes her ineligible for a *nunc pro tunc* appeal.

Claimant contends that nothing about her move was "negligent." She moved more than a year after her unemployment benefits had ended and had no obligation to continue living at the place where she lived at a time she was collecting unemployment benefits. She had no obligation, or reason, to inform the Department of her move more than one year after her benefits stopped. Further, Claimant testified that the only reason she moved was to avoid personal confrontations at 2:00 a.m. with individuals trying to repossess her personalty, not to avoid the Department or creditors.

The only evidence is Claimant's testimony, upon which the Referee based his findings. That testimony established that Claimant had an unstable housing situation, but this is not negligent conduct. To the contrary, it is non-negligent conduct. Further, a claimant has no duty to keep the Department apprised of her moves.

We also reject the Board's argument that Claimant was purposely avoiding mail and, thus, negligent. Claimant did not routinely retrieve her mail from her son because she did not expect any important mail to arrive at that address. Contrary to the Board's claim that she was trying to avoid creditors, Claimant testified that she paid her bills in person at the bank. She did not need monthly invoices to do so. The Board's argument that Claimant was purposefully avoiding creditors is not supported by the record.

8

For these reasons, we reverse the Board's order and remand this matter with instructions to remand to a Referee for a hearing on the merits of Claimant's appeal.[5]

_____
MARY HANNAH LEAVITT, President Judge

Judge Covey dissents.

---

[5] Claimant also argues that the Board erred by requiring Claimant to produce documentary evidence that she moved to a new address. She is correct that testimonial evidence is *not* inferior to documentary evidence. The Referee should not have disallowed her husband's testimony. Given our disposition of Claimant's second issue, however, we need not consider this issue.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tina L. Wood,     :
    Petitioner   :
          :
   v.       : No. 2123 C.D. 2015
          :
Unemployment Compensation  :
Board of Review,     :
    Respondent  :

# **O R D E R**

AND NOW, this 18th day of May, 2016, the order of the Unemployment Compensation Board of Review dated October 7, 2015, in the above-captioned matter is REVERSED and this matter is REMANDED for further proceedings in accordance with the attached opinion.

  Jurisdiction is relinquished.

_____
MARY HANNAH LEAVITT, President Judge