# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamie One, LLC,                          :
              Petitioner                :
                                          :
           v.                             : No. 206 C.D. 2018
                                         : Argued: November 13, 2018
Unemployment Compensation                :
Board of Review,                         :
              Respondent               :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                FILED: January 4, 2019

Jamie One, LLC (Employer) petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) granting the appeal of Latoya Washington (Claimant) and holding that she is eligible for benefits under the Unemployment Compensation Law (Law).[1]  In doing so, the Board reversed the decision of the Referee, who concluded that Claimant was ineligible under Section 402(b) of the Law, 43 P.S. §802(b), because she voluntarily quit her job without a necessitous and compelling reason.  We affirm.

Claimant was employed part-time as a teacher at Employer's Early Learning Children's Academy until her last day of work on July 20, 2017.  In her application for unemployment compensation benefits, Claimant reported that she was discharged.  Certified Record (C.R.), Item No. 2, at 2; Reproduced Record at 7a

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§751 – 918.10.

(R.R. __). According to the questionnaire submitted by Employer, Claimant "left early on 7/20/2017, without permission, and never came back." C.R., Item No. 3, at 1; R.R. 17a. Recognizing that there was a disagreement over whether Claimant quit or was discharged, the Unemployment Compensation (UC) Service Center addressed whether Claimant was eligible for benefits under Sections 402(b) and 402(e) of the Law, 43 P.S. §§802(b), 802(e).[2] It concluded that Claimant quit without a necessitous and compelling reason and, accordingly, was ineligible under Section 402(b). Claimant appealed, and the Referee conducted a hearing on October 25, 2017.

Claimant testified about her separation from employment on July 20, 2017. Claimant stated that "it was like 95 degrees that day," and she was six months pregnant. Notes of Testimony, October 25, 2017, at 3 (N.T. __); R.R. 46a. When Claimant arrived at work at 2:30 p.m., she felt "hot, confused, [and] anemic." *Id*. She asked Employer's assistant director, "Ms. Wynette," to cover for her so she could go home. *Id*. Claimant testified that Employer's director, Nicola Generette, told her "not to come back." *Id*.

Generette testified that on the day in question, she entered the classroom and observed Claimant's co-worker changing the diapers of ten one-year-

---

[2] Section 402 of the Law states, in relevant part:

An employe shall be ineligible for compensation for any week—

\* \* \*

(b)   In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, [or]

\* \* \*

(e)   In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work[.]

43 P.S. §802.

2

old students. Generette asked Claimant to assist by putting away the mats. Claimant said "okay" and Generette left the room. *Id.* Shortly thereafter, Generette returned to the classroom, at which time Claimant said to Generette, "I'm not feeling this, I'm leaving." *Id.* Generette responded that she planned to call the owner and "let him know." *Id.* Claimant left at 2:50 p.m. Generette testified that because there was only one employee left to care for the ten children, Employer's childcare center was non-compliant with state-mandated staffing ratios. Generette stated that Claimant never said anything about not feeling well. Generette considered Claimant walking out to be an abandonment of her position and grounds for termination.

Claimant responded that she was mindful of Employer's required staffing ratio and did not violate it because she had asked the assistant director to cover for her. Claimant stated that she would never walk out on her job. Claimant challenged Generette's assumption that she abandoned her job, explaining that Generette was aware that Claimant intended to return to her job after her pregnancy. Claimant referred to a letter she sent to Generette on June 20, 2017, requesting a leave of absence from August 10, 2017, through October 5, 2017, to pursue academic training in a dental assistant training program.[3] In that letter, Claimant wrote that she "will return to work on October 9, 2017." R.R. 50a.

The Referee resolved the conflicts in the testimony in favor of Employer. The Referee found that Claimant did not tell Employer she was feeling ill before she left work on July 20, 2017. The Referee concluded that Claimant voluntarily quit without a necessitous and compelling reason by walking out and abandoning her job. Accordingly, the Referee held Claimant was ineligible for benefits under Section 402(b) of the Law. Claimant appealed.

---

[3] Claimant's letter was submitted into the record by Employer.

3

On review, the Board reversed, explaining as follows:

> The parties' testimony was mostly consistent. The primary material difference was that [C]laimant testified she asked the assistant director if she could leave, but the director [Generette] lacked firsthand knowledge of this conversation because she was not yet in the room. Additionally, [C]laimant the previous day had requested a leave of absence several weeks in the future, so there is no competent evidence that she intended to resign. Therefore, the Board concludes that [C]laimant was discharged.

Board Adjudication at 2; R.R. 72a. The Board found that Employer discharged Claimant "for requesting to leave work early." *Id.* Because "[h]eat complicated by [C]laimant's pregnancy justified her absence and she advised her assistant director when requesting to leave," the Board held that Employer failed to prove that Claimant committed willful misconduct. *Id.* Accordingly, the Board ruled Claimant was not ineligible for benefits under Section 402(e) of the Law, 43 P.S. §802(e). Employer now petitions for this Court's review.

On appeal,[4] Employer argues, first, that the Board erred by ignoring "overwhelming evidence" that Claimant voluntarily resigned. Employer Brief at 10. Second, Employer contends that the Board erred in concluding that Claimant did not commit willful misconduct by leaving Employer insufficiently staffed. Third, Employer asserts that the Board provided legally insufficient reasons for rejecting the Referee's credibility determinations.

At the outset, we reiterate that the Board is the ultimate fact finder and has exclusive power to resolve conflicts in the evidence and to decide witness

---

[4] In reviewing an adjudication of the Board, this Court determines whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were supported by substantial evidence. *Miller v. Unemployment Compensation Board of Review*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014).

4

credibility and the weight to be accorded the evidence. *Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008). It is irrelevant whether the record contains evidence to support findings other than those made by the fact finder; the critical inquiry is whether there is substantial evidence in the record to support the findings actually made, which is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Philadelphia Gas Works v. Unemployment Compensation Board of Review*, 654 A.2d 153, 157 (Pa. Cmwlth. 1995).

On review, this Court examines the evidence in the light most favorable to the prevailing party, and gives that party the benefit of all inferences that can be logically and reasonably drawn from the testimony. *Chapman v. Unemployment Compensation Board of Review*, 20 A.3d 603, 607 (Pa. Cmwlth. 2011). Additionally, "[w]hether a claimant's separation from employment is the result of a voluntary action or a discharge is a question of law subject to review by this Court and must be determined from a totality of the facts surrounding the cessation of employment." *Greenray Industries v. Unemployment Compensation Board of Review*, 135 A.3d 1140, 1143 (Pa. Cmwlth. 2016). With these principles in mind, we turn to Employer's arguments on appeal.

Employer first argues that the Board erred by ignoring overwhelming evidence that Claimant voluntarily resigned. Employer takes issue with the Board's statement that "there is no competent evidence that [Claimant] intended to resign." Board Adjudication at 2. Employer maintains that two pieces of evidence, when considered together, demonstrated Claimant's intent to resign: (1) Claimant's June 20, 2017, letter to Generette requesting a leave of absence and (2) Claimant's

5

statement to Generette on her last day that "I am not feeling this, I am leaving." N.T. 3; R.R. 46a.

Employer essentially argues that the Board capriciously disregarded evidence. Disturbing an agency's adjudication for a capricious disregard of evidence is appropriate only where the fact finder has refused to resolve conflicts in the evidence, has not made essential credibility determinations or has completely ignored evidence without comment. *Wise v. Unemployment Compensation Board of Review*, 111 A.3d 1256, 1263 (Pa. Cmwlth. 2015). An appellate court conducting a review for capricious disregard of material, competent evidence may not reweigh the evidence or make credibility determinations. *Id*.

Applying the above principles, we conclude that the Board did not capriciously disregard material, competent evidence. The Board considered, but did not discuss at length, Claimant's written request for a leave of absence. The Board concluded that it was not "competent evidence that she intended to resign." Board Adjudication at 2. The Board did not disregard the letter. Further, its characterization of the letter was supported by the language therein, which did not signal Claimant's intent to resign from her job. Claimant requested three months of leave to pursue academic training, followed by the statement, "I will return to work on October 9, 2017." R.R. 50a. Her intent to keep her job could not be clearer.

The Board did not expressly consider Claimant's statement before she left work on her last day that "I am not feeling this, I am leaving." N.T. 3; R.R. 46a. That statement is far from "overwhelming" evidence of Claimant's resignation. Employer Brief at 10. At most it is equivocal. When considered in conjunction with other evidence, *i.e.*, Claimant's testimony that she was not feeling well that day due to the heat and her pregnancy, the statement indicates her desire to end her shift, not

6

her employment. The Board's omission of Claimant's statement from its discussion was not a capricious disregard of evidence. Presumably the Board assigned it little weight, as was within its province.

Employer next argues that the Board erred in concluding that Claimant did not commit willful misconduct. Employer asserts that Claimant committed willful misconduct by leaving early without permission, thereby causing Employer to be insufficiently staffed under a regulation promulgated by the Department of Human Services.[5] Employer acknowledges the evidence that Claimant did not leave work until either Generette or the assistant director was in the classroom. However, Employer contends that Claimant did not, and could not, testify that someone was available to cover the room to ensure the proper ratio was maintained. Employer argues that the Board ignored this issue.

"Willful misconduct" has been judicially defined to mean: (a) wanton or willful disregard of an employer's interests; (b) deliberate violation of an employer's rules; (c) disregard for standards of behavior which an employer can rightfully expect of an employee; or (d) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations. *Navickas v. Unemployment Compensation Board of Review*, 787 A.2d 284, 288 (Pa. 2001). The employer bears the burden of proving that the employee engaged in willful misconduct. *Id*. Whether an employee's actions constitute willful misconduct is a question of law subject to plenary review by this Court. *Id*.

This Court has held that an inadvertent violation of an employer's rule may not constitute willful misconduct. *Eshbach v. Unemployment Compensation*

---

[5] Section 3270.51 of the Department of Human Services' regulations requires a staff to child ratio of 1:5 for young toddlers. 55 Pa. Code §3270.51.

*Board of Review*, 855 A.2d 943, 947 (Pa. Cmwlth. 2004). Thus, a determination of what amounts to willful misconduct requires a consideration of "all of the circumstances, including the reasons for the employee's noncompliance with the employer's directives." *Id*. at 947-48 (quoting *Navickas*, 787 A.2d at 288). "Where the action of the employee is justifiable or reasonable under the circumstances, it cannot be considered willful misconduct because it cannot properly be charged as a willful disregard of the employer's intent or rules or of the standard of conduct which the employer has a right to expect." *Id*. at 948.

Here, Claimant testified that she was six months pregnant on her last day of work, which she described as a very warm day. She stated that she felt "hot, confused, [and] anemic" and asked the assistant director if someone could cover for her so she could go home. N.T. 3; R.R. 46a. Claimant testified emphatically that she would never walk out on her job and leave the children alone with one teacher. Viewing the evidence in the light most favorable to Claimant as the prevailing party, we find that Claimant's testimony supports the Board's conclusion that her absence from work was reasonable under the circumstances. Claimant became ill at work and asked to leave early believing that there was adequate staff coverage. Accordingly, we affirm the Board's conclusion that Claimant did not commit disqualifying willful misconduct.

In its last issue, Employer argues that the Board erred by not adequately explaining its rejection of the Referee's credibility determinations. Employer cites precedent from our Supreme Court stating that "[t]he Board may not … simply disregard findings made by the referee which are based upon consistent and uncontradicted testimony without stating its reasons for doing so." *Treon v. Unemployment Compensation Board of Review*, 453 A.2d 960, 962 (Pa. 1982).

8

More specifically, Employer challenges the Board's rejection of "two essential findings," *i.e.*, that (1) Claimant committed willful misconduct by leaving Employer with an inadequate staffing ratio and (2) Claimant voluntarily resigned through her statements in her leave request and on her last day of work.

To begin, the "two essential findings" that Employer cites are legal conclusions. *See Grieb v. Unemployment Compensation Board of Review*, 827 A.2d 422, 425 (Pa. 2003) ("The issue of whether the actions of an employee constitute willful misconduct is a question of law that is subject to the review of this Court."), *and Greenray Industries*, 135 A.3d at 1143 ("Whether a claimant's separation from employment is the result of a voluntary action or a discharge is a question of law subject to review by this Court."). *Treon*, which involved the Board's rejection of a referee's factual finding based on uncontradicted evidence, is inapposite. The testimony in this case was not "consistent and uncontradicted." *Treon*, 453 A.2d at 962. In any event, to the extent the Board departed from the Referee's findings of fact, its reason for doing so is plain enough. The Board chose to believe Claimant's testimony and resolved the conflicts in the evidence in her favor. In doing so, the Board exercised its exclusive power to resolve conflicts in the evidence and to decide witness credibility and the weight to be accorded the evidence. *Ductmate Industries,* 949 A.2d at 342.

For all of the foregoing reasons, we affirm the Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamie One, LLC,                              :
              Petitioner           :
                                     :
              v.                 :  No. 206 C.D. 2018
                                     :
Unemployment Compensation      :
Board of Review,                       :
              Respondent          :

## **O R D E R**

AND NOW, this 4th day of January, 2019, the order of the Unemployment Compensation Board of Review in the above-captioned matter dated January 30, 2018, is AFFIRMED.

                                _____

                                MARY HANNAH LEAVITT, President Judge