# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stuart Lasky, : 
               Petitioner : 
                : 
                : 
              v. :   No. 1224 C.D. 2023
                : 
Unemployment Compensation : 
Board of Review, : 
             Respondent :   Submitted: November 7, 2024


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE MATTHEW S. WOLF, Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                             FILED:  December 17, 2024

Stuart Lasky (Claimant), *pro se*, petitions this Court for review of the September 20, 2023 order of the Unemployment Compensation Board of Review (Board) affirming the order of a Referee that denied Claimant unemployment compensation (UC) benefits.  Claimant argues that he is entitled to UC benefits because he was unable to work for a period of approximately five weeks during which he was sick with COVID-19 (illness period), and because his employer, Universal Protection Service LLC (Employer), does not provide sick pay to its employees.  Upon review, we affirm the order of the Board.

## I.  Background

The following facts are undisputed.  Claimant was tested for COVID-19 on March 8, 2021, and was informed on March 11, 2021, that the test result was

positive. Certified Record (C.R.), Item No. 9, Findings of Fact (F.F.) Nos. 1-2. After notifying Employer that he was unable to work due to his illness, Claimant filed an application for UC benefits on May 12, 2021. *See* C.R., Item No. 1. In a determination sent on November 21, 2022, the Office of Unemployment Compensation Benefits (UC Benefits Office) granted the application, awarding benefits as of March 21, 2021. *Id.*, F.F. Nos. 4-5; *see also* C.R., Item No. 3, Qualifying Determination. By April 25, 2021, Claimant recovered to the degree that work restrictions were lifted and, on April 27, 2021, he returned to work. *Id.*, F.F. Nos. 6-7.

Employer appealed the award of UC benefits on December 12, 2022. *See* C.R., Item No. 4. The Referee to whom the case was assigned held a brief hearing on March 23, 2023, during which Claimant acknowledged that he was "severely sick" and "[could not] work" during the illness period. *See* C.R., Item No. 8 (Hr'g Tr.) at 4. Claimant also testified that Employer does not pay its employees for any hours not worked, even in cases of severe illness. *Id.*

In an April 13, 2023 order, the Referee ruled that Claimant was ineligible for UC benefits during the illness period. C.R. Item No. 9 at 3. In an accompanying decision, the Referee explained that Claimant was, by his own admission, "very sick and unable to work" during the illness period. *Id.* at 2. The Referee therefore determined that Claimant was ineligible to receive benefits pursuant to Section 401(d)(1) of the Unemployment Compensation Law[1] (UC Law), which provides that an employee seeking benefits must be "able to work and available for suitable work." *Id.*

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(d)(1).

Claimant appealed to the Board, asking that it reverse the Referee's determination on account of his inability to work during the illness period. C.R., Item No. 10. In its September 20, 2023 order, the Board expressed its agreement with the Referee that Claimant was "neither able [to work] nor available for work" during the illness period and was therefore ineligible for UC benefits. C.R., Item No. 12. This appeal followed.[2]

## II. Discussion

The sole issue before this Court is whether the Board's determination that Claimant was ineligible to receive UC benefits for the illness period was in error. In relevant part, Section 401 of the UC Law provides that a UC benefits claimant must be "able to work and available for suitable work." 43 P.S. § 801(d)(1). An unemployed worker who files for UC benefits is presumed to be able and available for work. *Rohde v. Unemployment Comp. Bd. of Rev.*, 28 A.3d 237, 243 (Pa. Cmwlth. 2011). This presumption is rebuttable by evidence that a claimant's physical condition limits the type of work he is available to accept or that he has voluntarily placed other restrictions on the type of job he is willing to accept. *Id.* If the presumption of availability is rebutted, the burden shifts to the claimant to produce evidence that he is able to do some type of work and that there is a reasonable opportunity for securing such work. *Id.*

In this case, Claimant was ruled ineligible for benefits during the illness period after his acknowledgement that he was "severely sick" with COVID-19 at the time and thus unable to work. Hr'g Tr. at 4. On appeal, Claimant argues that the ruling

---

[2] This Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. *Miller v. Unemployment Comp. Bd. of Rev.*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014).

was legally erroneous, as it failed to take into account the unavailability of sick or holiday pay from Employer. In support of his argument, Claimant points out that the UC Benefits Office had initially ruled in his favor.[3]

Claimant's arguments are unpersuasive. As noted above, the presumption that a UC benefits claimant is able to work and available for suitable work may be rebutted by evidence of limits imposed by the claimant's physical condition on his availability to work. As that presumption was rebutted by Claimant's own, unambiguous testimony that he could not work during the illness period, the onus was on Claimant to produce evidence that he was available to work in order to receive UC benefits. Claimant does not explain how Employer's refusal to offer sick pay satisfies his burden of proof, nor does he cite legal authority establishing the relevance of Employer's refusal to offer sick pay to this matter. While Claimant correctly observes that the UC Benefits Office initially determined that he was eligible for UC benefits, we must note that Section 502(a) of the UC Law empowers a referee to modify or reverse that determination on appeal "after affording the parties and the [Department of Labor and Industry] reasonable opportunity for a fair hearing." 43 P.S. § 822(a). Accordingly, we see no reason to disturb the Board's factual findings or legal conclusion.

---

[3] In his Brief, Claimant also expresses concern that if this Court does not rule in his favor, he must return the UC benefits he received for the illness period, which he would be unable to accomplish without securing a loan. Claimant's Br. at 5. The Referee explained to Claimant during the hearing that overpayments occurring through no fault of the claimant are only to be paid back through a one-third deduction of any other UC benefits received by the claimant "within the next three years." Hr'g Tr. at 8 (citing Section 804(b)(1) of the Law, 43 P.S. § 874(b)(1)).

4

## III. Conclusion

For the foregoing reasons, we affirm the Board's order.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stuart Lasky,            :
         Petitioner      :
                           :
         v.                 :    No. 1224 C.D. 2023
                           :
Unemployment Compensation    :
Board of Review,               :
         Respondent    :

# **O R D E R**

AND NOW, this 17th day of December 2024, the September 20, 2023 Order of the Unemployment Compensation Board of Review in the above-captioned matter is AFFIRMED.

_____
MATTHEW S. WOLF, Judge