# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Washington Hospital,     :
            Petitioner     :
                                 :
            v.                :    No. 45 C.D. 2024
                                 :
Unemployment Compensation     :
Board of Review,     :
            Respondent     :    Submitted: November 7, 2024

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                          FILED: December 23, 2024

The Washington Hospital (Employer) petitions this Court for review of the December 19, 2023 Order of the Unemployment Compensation Board of Review (Board), which affirmed a decision by Referee Michael McKernan finding Tammie Wallace (Claimant) not ineligible for unemployment compensation (UC) benefits. Employer argues that the Board committed legal error by failing to address Employer's argument that Claimant was ineligible for benefits due to willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law (UC Law).[1] Upon review, we affirm the Board's Order.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

## I. Background

The following facts are not in dispute. Claimant began working for Employer as a registered nurse in 1991. Certified Record (C.R.), Item No. 12, Hr'g Tr. at 6. On March 31, 2023, Claimant submitted to a urine drug test following an extended absence from work, in accordance with company policy. *Id.* at 7-8. When the specimen she provided tested positive for cocaine, Claimant was suspended from work without pay until her completion of a substance abuse treatment program. *Id.* While on suspension from work, Claimant notified Employer's human resources manager that she would be following through on previous plans to attend a nursing symposium in New Orleans. *Id.* at 15. The manager advised Claimant, and Claimant agreed, that Employer would not reimburse her expenses for the trip due to her suspension. *Id.* Nevertheless, upon her return from New Orleans, Claimant submitted a request for reimbursement of her travel expenses to Employer's accounting department. *Id.* at 16. Unaware of her suspension or ineligibility for reimbursements, the accounting department sent Claimant a check for $1,302.06, which Claimant deposited into her personal bank account. *Id.*; *see also* C.R., Item No. 8, Appeal Attachments. Consequently, the aforementioned human resources manager notified Claimant that her employment was terminated for theft of funds. *Id.* at 17.

Following her termination, Claimant filed for UC benefits on April 18, 2023. *See* C.R., Item No. 1. In a qualifying separation determination dated May 9, 2023, the Office of Unemployment Compensation Benefits (UC Benefits Office) found Claimant not ineligible for UC benefits pursuant to Section 402(b) of the UC Law

(First Determination).[2]  *See* C.R., Item No. 7.  That same day, however, the UC Benefits Office also issued a disqualifying determination finding Claimant *ineligible* pursuant to Section 401(d)(1) of the UC Law (Second Determination).[3]  Employer did not file an appeal from the First Determination.  Claimant filed an appeal from the Second Determination.

Referee McKernan held a hearing on Claimant's appeal on October 2, 2023. *See* C.R., Item No. 12 (Hr'g Tr).  At the hearing, counsel for Employer argued that Section 402(e)[4] of the UC Law was the controlling statutory provision, not Section 401(d)(1). Hr'g Tr. at 4-5. Counsel for Employer explained that Claimant's employment was terminated after her effort to receive expense reimbursements for which she knew she was ineligible, which constitutes willful misconduct pursuant to Section 402(e).  *Id.* at 4.  Referee McKernan responded that it "would be improper for [him] to proceed under [Section] 402(e)," as the appeal only concerned the issue of Claimant's ability to work and availability for suitable work under Section 401(d)(1).  *Id.*  Thus, Referee McKernan explained, the scope of the hearing would be restricted to Claimant's appeal of the Second Determination.  *Id.*  Claimant then offered fact testimony, in which she testified that her positive drug test rendered her

---

[2] Section 402(b) of the UC Law provides that an employee shall be ineligible for UC benefits for "any week . . . [i]n  which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in 'employment' as defined in" the UC Law.  43 P.S. § 802(b).

[3] In relevant part, Section 401(d)(1) of the UC Law provides that, in order to be eligible for UC benefits, a claimant must be "able to work and available for suitable work."  43 P.S. § 801(d)(1).

[4] Section 402(e) of the UC Law provides that an employee shall be ineligible for UC benefits in "any week . . . [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in this act."  43 P.S. § 802(e).

3

temporarily unable to work as a registered nurse, but that she was able and available for work in other positions at all relevant times. *Id.* at 8.[5]

In an October 3, 2023 decision, Referee McKernan found Claimant to be not ineligible for UC benefits and reversed the Second Determination. *See* C.R., Item No. 13. Referee McKernan explained:

> Section 401(d)(1) of the [UC] Law provides that compensation shall be payable to any employee who is or becomes unemployed, and who is able to work and available for suitable work. The basic purpose of the statutory requirements of availability is to establish that a claimant is actually and currently attached to the labor force. This attachment must be of a genuine and realistic nature.
>
> Eligibility under Section 401(d)(1) of the [UC] Law is typically determined on a week-by-week basis. Claimants have the burden of proving that they are able to work and available for suitable work for each week at issue.
>
> In cases involving Section 401(d)(1), there is a presumption that one applying for unemployment compensation benefits is able and available for work.
>
> [] Claimant was suspended from her position as a RN after a failed drug test. While a failed drug test may temporarily prevent [] Claimant from working for the Employer as an RN, it did not make her unable and unavailable for suitable work. The requirement is not that [] Claimant be able to work as a RN but able and available for suitable work.
>
> In this matter, there is insufficient evidence to rebut the presumption. The Referee finds, therefore, that [] Claimant was able to work and available for work under Section 401(d)(1) and that [] Claimant is not ineligible for benefits under that [s]ection.

---

[5] The Court notes that throughout the hearing Claimant maintained that she has never used cocaine. *See generally* Hr'g Tr.

*Id.* at 2.

Employer appealed Referee McKernan's determination to the Board, maintaining that UC "benefits should have been denied under Section 402(e) as the result of Claimant's willful misconduct." C.R., Item No. 15. The Board affirmed in a December 19, 2023 order, reasoning that "the only issue" before Referee McKernan was Claimant's ability to work and availability for suitable work under Section 401(d)(1). C.R., Item No. 19. This appeal followed.[6]

## II. Discussion

Section 401(d)(1) of the UC Law provides that a UC benefits claimant must be "able to work and available for suitable work." 43 P.S. § 801(d)(1). An unemployed worker who files for UC benefits is presumed to be able and available for work. *Rohde v. Unemployment Comp. Bd. of Rev.*, 28 A.3d 237, 243 (Pa. Cmwlth. 2011). The law does not require that the employee be available for full-time work, for permanent work, for his most recent work, or for his customary job, so long as the claimant is ready, willing, and able to accept some suitable work. *Id.* An employer may rebut the presumption with evidence that a claimant's physical condition limits the type of work he is available to accept, or that he has voluntarily placed other restrictions on the type of job he is willing to accept. *Id.*

In this case, the UC Benefits Office issued two conflicting determinations on Claimant's application for UC benefits. In the First Determination, the UC Benefits Office concluded that Claimant was not ineligible pursuant to Section 402(b) of the UC Law, which relevantly provides that an employee shall be ineligible for UC

---

[6] This Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. *Miller v. Unemployment Comp. Bd. of Rev.*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014).

benefits for "any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature[.]" 43 P.S. § 802(b). Employer did not appeal from the First Determination.

Meanwhile, in the Second Determination, the UC Benefits Office concluded that Claimant was ineligible pursuant to Section 401(d)(1) of the UC Law, which relevantly provides that, in order to be eligible for UC benefits, a claimant must be "able to work and available for suitable work." 43 P.S. § 801(d)(1). Appealing from the latter determination, Claimant presented testimony that she was, indeed, able to work and available for suitable work, which Referee McKernan accepted as fact and, accordingly, granted UC benefits. The Board affirmed, observing that no other issue was properly before Referee McKernan.

In its appeal to this Court, Employer offers no argument to rebut the presumption that Claimant was able to work or available for suitable work, but instead focuses entirely on the question of whether Claimant was rendered ineligible for benefits under Section 402(e) through what Employer alleges to be willful misconduct. In Employer's view, "it is clear from the record evidence submitted to [Referee McKernan] that [Employer] raised the issue of Claimant's willful misconduct," and that Claimant's own testimony acknowledged that misconduct. Employer's Br. at 10-11. Employer further maintains that it has properly raised the misconduct issue because it did not become the aggrieved party until after Referee McKernan issued his decision in Claimant's favor, and "the employer does not have to raise an issue until it is aggrieved." *Id.* at 13 (citing *Sharp Equip. Co. v. Unemployment Comp. Bd. of Rev.*, 808 A.2d 1019, n.13 (Pa. Cmwlth. 2002)). Accordingly, Employer concludes that "the issue of whether Claimant's willful

6

misconduct precludes her from eligibility for benefits should be remanded for consideration and proper adjudication by either the Referee or the Board." *Id.* at 16.

Employer's arguments are unavailing. The evidence presented by Employer of Claimant's alleged misconduct—whatever its persuasiveness may have been in a proper context—was irrelevant to the sole question placed before Referee McKernan and the Board, which was whether the UC Benefits Office erred in determining that Claimant was either unable to work or unavailable for suitable work and thus ineligible for UC benefits under Section 401(d)(1). While it is true that Employer was not yet an aggrieved party when it raised the misconduct issue before Referee McKernan, that observation is of no moment. Employer *was* aggrieved by the First Determination, in which the UC Benefits Office ruled that Claimant was not ineligible for UC benefits following her separation from employment under Section 402(b). *Sharp Equipment* is inapposite, as the employer in that case appealed from a qualifying separation determination to present evidence before a referee that the claimant was an independent contractor who had left her employment voluntarily. 808 A.2d at 1021. Although it was the aggrieved party, Employer in this case failed to appeal from the First Determination, which would have been the proper avenue to argue that Claimant was discharged for willful misconduct, and thus ineligible for UC benefits. Employer's belated attempt to introduce evidence before Referee McKernan of the circumstances surrounding Claimant's dismissal, in the midst of a separate appeal, constitutes an impermissible collateral attack on the unappealed First Determination.

### III. Conclusion

Referee McKernan's finding that Claimant was able to work and available for suitable work pursuant to Section 401(d)(1), and therefore not ineligible for UC

benefits, was supported by substantial evidence. Employer offers no argument that Claimant was either unable to work or unavailable for suitable work. Discerning no error, we affirm the Board.

_____

MATTHEW S. WOLF, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| The Washington Hospital, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 45 C.D. 2024 |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 23rd day of December 2024, the Order of the Unemployment Compensation Board of Review in the above-captioned matter, dated December 19, 2023, is hereby AFFIRMED.

_____

MATTHEW S. WOLF, Judge