IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Leo Z. Tarr, | : | CASES CONSOLIDATED |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | Nos. 334 and 797 C.D. 2023 |
| Respondent | : | Submitted: June 4, 2024 |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge (P.)
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED:  July 31, 2024

Leo Z. Tarr (Claimant) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) March 9, 2023 orders[1] affirming the Referee's dismissal of his untimely appeals pursuant to Section 501(e) of the UC Law (Law).[2]  The sole issue before this Court is whether the UCBR erred by dismissing Claimant's appeals as untimely.  After review, this Court affirms.

A1 Van Service, Inc. (Employer) employed Claimant as a school bus driver.  Claimant applied for UC benefits on July 3, 2022, after his school year employment ended due to summer break.  On September 15, 2022, the UC Service

---

[1] Claimant appealed from two separate Department of Labor and Industry determinations.  The first decision concerned his disqualification for not being a United States citizen, and the second decision concerned his non-fraud overpayment.  The Referee held one hearing for both appeals, but issued two virtually identical decisions.  The UCBR also issued two separate, but virtually identical decisions.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e) (appeals must be filed within 21 days).

Center sent Claimant an Alien Disqualifying Determination pursuant to Section 401(d)(1) of the Law.[3] The UC Service Center found that because Claimant failed to provide proper work authorization documentation he was not considered to be available for work.[4] Also on September 15, 2022, the UC Service Center sent Claimant a Notice of Determination of Non-Fault UC Overpayment of benefits under Section 804(b)(1) of the Law declaring that Claimant was overpaid benefits in the amount of $1,813.00.[5] Both UC Service Center determinations (Determinations) included appeal instructions which indicated that the final day to file a timely appeal therefrom was October 6, 2022. *See* Certified Record (C.R.) at 15, 25.

On November 1, 2022, 26 days after the appeal deadline, Claimant appealed, pro se, from the Determinations, arguing that he was granted United States citizenship in 2011. The matters were assigned to a Referee who conducted a hearing on November 29, 2022, relative to the following issues: (1) whether Claimant timely appealed from the Determinations; (2) whether Claimant is able and available for suitable work; and (3) whether Claimant received UC benefits to which he was not entitled. *See* C.R. at 25.

---

[3] Section 401(d)(1) of the Law provides: "Compensation shall be payable to any employe who is or becomes unemployed, and who . . . [i]s able to work and available for suitable work[.]" 43 P.S. § 801(d)(1).

[4] Section 804(b)(1) of the Law declares, in pertinent part:

> Any person who other than by reason of his fault has received with respect to a benefit year any sum as compensation under this [UC Law] to which he was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year, or the three-year period immediately following such benefit year, in accordance with the provisions of this paragraph.

43 P.S. § 874(b)(1).

[5] The UC Service Center emailed the determinations to Claimant at his designated email address and sent them to him on his PA CareerLink account.

2

At the Referee hearing, Claimant admitted, and the UC Service Center's documentation reflected, that he filed his appeal from the Determinations on November 1, 2022. *See* C.R. at 37, 40-41, 47, 52, 64; *see also* Claimant Br. at 4. The record reflects that when Claimant initially registered for PA CareerLink, he selected the method in which he would be notified of the issues pertaining to his UC application, which was via internal message with email notification, rather than by First-Class mail. *See* C.R. at 11. Claimant asserted that he was unable to access his email and his PA CareerLink account due to the size of his cellphone screen and the size of the message that was sent to him. *See* C.R. at 65-66. Claimant also testified that he does not have a personal computer and when he went to the local library to check his email, he could not remember his password and, therefore, could not access his account. *See* C.R. at 66-67. Claimant stated that, once the school year began, he stopped checking the PA CareerLink website because he had returned to work. *See* C.R. at 65-66. Claimant recalled receiving an overdraft billing statement in late October 2022, that prompted him to call the UC Service Center, and thereafter file the appeals. *See* C.R. at 65.

On December 2, 2022, the Referee dismissed Claimant's appeals as untimely filed and concluded that Claimant was not entitled to *nunc pro tunc* relief because he did not produce evidence of a delay resulting from extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances. Claimant appealed, pro se, to the UCBR which, on March 9, 2023, affirmed the Referee's decisions. Claimant, through counsel, appealed to this Court.[6]

---

[6] This Court's "'review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence.' *Miller v. Unemployment Comp. Bd. of Rev*[.], 83 A.3d 484, 486 n.2 (Pa.

Initially, Section 501(e) of the Law states:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the [UCBR], from the determination contained in any notice required to be furnished by the [D]epartment [of Labor and Industry (Department)] under [S]ection [501] (a), (c) and (d), no later than [21] calendar days after the "Determination Date" provided on such notice, and applies for a hearing, such determination of the [D]epartment, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. § 821(e).

> This Court has

> previously held that the [21]-day period "is mandatory and subject to strict application." *Vereb v. Unemployment Comp. Bd. of Rev.*, 676 A.2d 1290, 1293 (Pa. Cmwlth. 1996). If an appeal from a Department determination is not filed within the [21]-day period, the determination becomes final, and the [UCBR] does not have the requisite jurisdiction to consider the merits of the matter. *Id.*

*Walthour v. Unemployment Comp. Bd. of Rev.*, 276 A.3d 837, 842 (Pa. Cmwlth. 2022); *see also Carney v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018) ("Failure to file a timely appeal as required by Section 501(e) of the [] Law is a jurisdictional defect."); *Russo v. Unemployment Comp. Bd. of Rev.*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010) ("A statutory appeal period is mandatory and may not be extended as a matter of grace or mere indulgence.").

However, "[a]n untimely appeal may be permitted in limited circumstances." *Walthour*, 276 A.3d at 842. This Court has explained:

Cmwlth. 2014)." *Talty v. Unemployment Comp. Bd. of Rev.*, 197 A.3d 842, 843 n.4 (Pa. Cmwlth. 2018).

On June 29, 2023, this Court ordered Claimant to file separate appeals - one for each UC docket number - which he did. On January 10, 2024, Claimant filed an application to consolidate his appeals, which this Court granted on February 29, 2024.

> An appeal *nunc pro tunc* is only warranted . . . in extraordinary circumstances "involving fraud or some breakdown in the court's operation," or where the delay is caused by non-negligent circumstances either by the claimant or a third party. *Cook v. Unemployment Comp. Bd. of Rev.*, . . . 671 A.2d 1130, 1131 ([Pa.] 1996) (internal quotations omitted) (quoting *Bass v. Cmwlth.*, . . . 401 A.2d 1133, 1135 ([Pa.] 1979)). The Pennsylvania Supreme Court characterized administrative breakdown as occurring when "an administrative body acts negligently, improperly or in a misleading way." *Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Rev.*, . . . 746 A.2d 581, 584 ([Pa.] 2000). Where non-negligent circumstances cause the untimeliness of an appeal, the appeal must be filed within a short period of time after learning of the untimeliness. *Cook*, 671 A.2d at 1131. It is well[ ]settled that the burden of demonstrating the necessity of *nunc pro tunc* relief is on the party seeking to file the appeal, and the burden is a heavy one. *Blast Intermediate Unit No. 17 v. Unemployment Comp. Bd. of Rev.*, . . . 645 A.2d 447, 449 ([Pa. Cmwlth.] 1994).

*Harris v. Unemployment Comp. Bd. of Rev.*, 247 A.3d 1223, 1229-30 (Pa. Cmwlth. 2021).

"In UC cases, the [UCBR] is the ultimate fact-finder and resolves issues of credibility and conflicting evidence. This Court is bound by those findings, provided they are supported by substantial evidence." *Rivera v. Unemployment Comp. Bd. of Rev.*, 310 A.3d 348, 352 n.4 (Pa. Cmwlth. 2024) (citation omitted). "Substantial evidence is relevant evidence that a reasonable person may accept as adequate to support a finding." *Id.*

In the instant matter, the UCBR adopted the Referee's factual findings which are supported by substantial record evidence that when Claimant initially registered for PA CareerLink he selected the method in which he would be notified of any issues pertaining to his UC application, which was via internal message with email notification, rather than by First-Class mail. *See* C.R. at 75 (Finding of Fact (FOF) No. 2). Claimant received the Determinations declaring that the appeal filing

deadlines were October 6, 2022, but he could not view them on his cell phone. *See id.* (FOF No. 5). Although Claimant had visited a local library to attempt to log in using a personal computer, he could not recall his email password. *See id.* (FOF No. 8). Because Claimant discontinued filing for UC benefits when the new school year began, he did not further attempt to read his messages in the PA CareerLink portal. *See id.* Based on the above, the UCBR concluded: "[C]laimant did not meet his burden to show that the late appeal was caused by fraud, a breakdown in the administrative process, or by non-negligent conduct."[7] C.R. at 97. This Court finds no error in the UCBR's conclusion.

Because Claimant filed his appeals from the Determinations 26 days after the appeal deadline, and the late appeals were not caused by fraud, a breakdown in the administrative process, or by non-negligent conduct, the UCBR did not have jurisdiction to consider the merits of the matter. Accordingly, the UCBR properly dismissed Claimant's appeals as untimely.

For all the above reasons, the UCBR's orders are affirmed.

_____
ANNE E. COVEY, Judge

---

[7] Claimant did not address the untimeliness of his appeals in his brief to this Court.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Leo Z. Tarr,                                    :     CASES CONSOLIDATED
               Petitioner              :
                                 :
           v.                              :
                                 :
Unemployment Compensation       :
Board of Review,                                :     Nos. 334 and 797 C.D. 2023
               Respondent             :

## O R D E R

AND NOW, this 31st day of July, 2024, the Unemployment Compensation Board of Review's March 9, 2023 orders are affirmed.

_____
ANNE E. COVEY, Judge