IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas M. Talty,                    :
                    Petitioner      :
                                    :
            v.                      :
                                    :
Unemployment Compensation           :
Board of Review,                    :     No. 135 C.D. 2018
                    Respondent      :     Submitted: October 16, 2018


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION BY
JUDGE COVEY                              FILED: November 9, 2018


            Thomas M. Talty (Claimant) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) October 6, 2017 order dismissing Claimant's appeal as untimely. The sole issue presented for review is whether the UCBR properly dismissed Claimant's appeal.

            Claimant was employed on a seasonal basis by Home Depot (Employer) until June 18, 2016, when he resigned. On June 26, 2016, Claimant applied for UC benefits. On July 7, 2017, the Altoona UC Service Center (UC Service Center) determined that Claimant was ineligible for UC benefits under Section 402(b) of the UC Law (Law)[1] and issued a Fault Notice of Overpayment in accordance with Section 804(a) of the Law.[2] Claimant appealed and a Referee hearing was held. On August 10, 2017, the Referee affirmed the UC Service Center's Determination. The Referee's decision expressly informed Claimant: "**THE LAST DATE TO FILE AN**

_____

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b) (referring to voluntarily leaving employment without a necessitous and compelling cause).

[2] 43 P.S. § 874(a) (referencing UC recovery and recoupment).

**APPEAL TO THIS DECISION IS 08/25/17**[.]" Certified Record (C.R.) Item 9 (Referee's Decision) at 3.

Claimant appealed to the UCBR on August 27, 2017. By September 11, 2017 letter, the UCBR informed Claimant, in relevant part:

> If you believe that you filed your appeal within the fifteen (15)[-]day period or that it should be deemed timely for other reasons, **you must request in writing that a hearing be scheduled** to allow you the opportunity to set forth your reasons as to why you believe your appeal was timely filed. Please mail your request to the [UCBR] at the above letterhead address. Any such hearing involves only the issue of whether the appeal was timely filed. No ruling is made on the merits of the case unless the appeal is first ruled timely.
>
> Unless the [UCBR] receives a reply, **specifically requesting a hearing on the timeliness issue**, postmarked *by September 26, 2017*, it will proceed to issue an appropriate order. This may result in the dismissal of your appeal, in which case the [R]eferee's decision becomes final and binding on all parties.

C.R. Item 11 (UCBR's Response to Claimant's Request) at 1 (emphasis in original). Claimant sent a written response to the UCBR, but did not request a hearing on the timeliness of his appeal. *See* UCBR Dec. at 2; *see also* C.R. Item 12 (Claimant's Request for Review of Appeal). On October 6, 2017, the UCBR dismissed Claimant's appeal as untimely pursuant to Section 502 of the Law.[3] On January 31, 2018, Claimant filed his Petition for Review (Petition) appealing to this Court from the UCBR's order.[4] By March 6, 2018 Order, this Court directed the parties to

---

[3] 43 P.S. § 822.

[4] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence." *Miller v. Unemployment Comp. Bd. of Review*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014).

2

address the untimeliness of Claimant's appeal to this Court in their principal briefs on the merits.

On April 5, 2018, the UCBR filed an Application for Relief in the Form of a Motion to Quash Petitioner's Petition for Review and Dismiss his Appeal or Amend the Interlocutory Order (Motion to Quash). On April 18, 2018, Claimant filed an answer thereto (Answer). By April 30, 2018 Order, this Court directed that the Motion to Quash be decided with the merits. Neither party addressed the untimeliness of the appeal to this Court in their briefs. Notwithstanding, this Court will rule on that issue first, as it is dispositive.

Pennsylvania Rule of Appellate Procedure (Rule) 1512(a) provides: "A petition for review of a quasijudicial order . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa.R.A.P. 1512(a). Further, Rule 105(b) states:

> An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time, but **the court may not enlarge the time for filing** . . . **a petition for review**.

Pa.R.A.P. 105(b) (emphasis added). The law is well established that

> [t]he timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of the court to hear and decide the appeal. . . . The courts have no power to extend the period for taking appeals, absent fraud or a breakdown in the court's operation through a default of its officers. (Citations omitted.)

*Hillanbrand v. Pa. Bd. of Prob. & Parole*, 508 A.2d 375, 378 (Pa. Cmwlth. 1986) (quoting *Alitieri v. Pa. Bd. of Prob. & Parole*, 495 A.2d 213, 214 (Pa. Cmwlth. 1985)).

Here, Claimant filed his Petition with this Court 116 days after the UCBR's order was entered. In his Answer to the Motion to Quash, Claimant averred: "[Claimant] has not yet had the opportunity to attempt to meet his burden and asks the Court to allow him to submit a brief, explaining the delays and the merits of the claim." Answer ¶ 3. However, despite the Court ordering the parties to address Claimant's untimely appeal to this Court, Claimant did not address the untimeliness of his appeal in his brief. Under such circumstances, "[s]ince no fraud or breakdown in the court's operations is alleged, [Claimant's] failure to file a timely petition for review deprives this Court of jurisdiction to consider the merits of his contentions." *Hillanbrand*, 508 A.2d at 378 (quoting *Alitieri*, 495 A.2d at 214).

For all of the above reasons, the UCBR's Motion to Quash Claimant's Petition is granted and Claimant's appeal is dismissed.

_____
ANNE E. COVEY, Judge

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas M. Talty,  :
               Petitioner  :
                       :
                       :
         v.  :
                       :
Unemployment Compensation  :
Board of Review,  :     No. 135 C.D. 2018
               Respondent  :

# O R D E R

AND NOW, this 9th day of November, 2018, the Unemployment Compensation Board of Review's Application for Relief in the Form of a Motion to Quash Petitioner's Petition for Review is GRANTED and Thomas M. Talty's appeal is DISMISSED.

_____
ANNE E. COVEY, Judge