IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester Community Charter School,    :
               Petitioner    :
                         :
      v.                   :
                         :
Unemployment Compensation    :
Board of Review,             :   No. 14 C.D. 2021
             Respondent   :   Submitted: July 15, 2022

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: October 3, 2022

          Chester Community Charter School (Employer) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) December 14, 2020 order affirming the Referee's decision that David L. Rudnick (Claimant) was not ineligible for UC benefits under Section 402(e) of the UC Law (Law).[1]  Employer presents two issues for this Court's review: (1) whether the UCBR erred by failing to give weight to Employer's hearsay evidence that was admitted without objection and corroborated; and (2) whether the UCBR erred in concluding, despite the competent evidence presented, that Employer failed to meet its burden of proof.  After review, this Court affirms.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (referring to willful misconduct).

Employer employed Claimant as a full-time teacher beginning August 14, 2019. Employer has a code of conduct/policy that prohibits, in part, inappropriate remarks or comments to employees or students. Claimant was aware of Employer's policy. On November 14, 2019, Employer's counselor reported to its Principal, Nicole Patterson (Principal), that Claimant allegedly called students idiots. Employer suspended Claimant pending an investigation. On November 20, 2019, Employer discharged Claimant because he called students idiots.

Claimant applied for UC benefits. On March 30, 2020, the Altoona UC Service Center determined that Claimant was ineligible for UC benefits under Section 402(e) of the Law. Claimant appealed, and a Referee held a hearing on May 12, 2020, which Claimant did not attend. On May 13, 2020, the Referee reversed the UC Service Center's determination and found Claimant eligible for UC benefits under Section 402(e) of the Law because Employer failed to meet its burden of proving Claimant committed willful misconduct. Employer appealed to the UCBR, which affirmed the Referee's decision. Employer appealed to this Court.[2]

Initially,

> Section 402(e) of the Law provides that an employee is ineligible for [UC] benefits when his unemployment is due to discharge from work for willful misconduct connected to his work. The employer bears the burden of proving willful misconduct in a[] [UC] case. Willful misconduct has been defined as (1) an act of wanton or willful disregard of the employer's interest; (2) a deliberate violation of the employer's rules; (3) a disregard of standards of behavior which the employer has a right to

    [2] "'Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence.' *Miller v. Unemployment Comp. Bd. of Rev*[.], 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014)." *Talty v. Unemployment Comp. Bd. of Rev.*, 197 A.3d 842, 843 n.4 (Pa. Cmwlth. 2018).

expect of an employee; or (4) negligence indicating an intentional disregard of the employer's interest or a disregard of the employee's duties and obligations to the employer.

*Sipps v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 479, 481 (Pa. Cmwlth. 2018) (emphasis omitted) (quoting *Dep't of Transp. v. Unemployment Comp. Bd. of Rev.*, 755 A.2d 744, 747 n.4 (Pa. Cmwlth. 2000) (citation omitted)).

> Where willful misconduct is based upon the violation of a work rule, the employer must establish the existence of the rule [and] its reasonableness, and that the employee was aware of the rule. Once employer meets this burden, the burden shifts to the claimant to prove that the rule was unreasonable or that he had good cause for violating the rule.

*Sipps*, 181 A.3d at 482 (quoting *Weingard v. Unemployment Comp. Bd. of Rev.*, 26 A.3d 571, 574-75 (Pa. Cmwlth. 2011) (citation omitted)). Ultimately, "[t]he question of whether conduct rises to the level of willful misconduct is a question of law to be determined by this Court." *Scott v. Unemployment Comp. Bd. of Rev.*, 105 A.3d 839, 844 (Pa. Cmwlth. 2014).

Employer first argues that the UCBR erred by failing to give weight to Employer's hearsay evidence that was admitted without objection and corroborated by other competent evidence. Employer cites *Bell Beverage v. Unemployment Compensation Board of Review*, 49 A.3d 49 (Pa. Cmwlth. 2102), to support its position.

The law is well established that "in [UC] proceedings, hearsay evidence admitted without objection will be given its natural probative effect and may support a finding of the [UCBR] **as long as it is corroborated by other competent evidence** in the record." *Id*. at 55 (emphasis added). In *Bell*, the evidence consisted of the employer's testimony that, on two separate occasions, a private investigator observed one of the employer's drivers unloading product into his home while the

3

claimant was assigned to the truck. The employer further testified that, on both occasions, he telephoned the claimant as the thefts were occurring. The first time, the employer immediately telephoned the claimant's cell phone, but the claimant did not answer. When the employer asked the claimant about it later, the claimant said he was sleeping in the truck. The second time, the claimant answered his phone and said that he and the driver were on the expressway and would be back to the warehouse in a few minutes. In addition, the employer presented the private investigator's letter written to the employer describing what he had observed. The employer also attempted to offer into evidence the private investigator's digital video disc (DVD) footage, but the Referee did not accept it into evidence because the parties agreed that the claimant did not appear on the DVD. The claimant did not appear at the hearing. The Referee concluded that the claimant committed willful misconduct.

The claimant appealed to the UCBR. The UCBR directed the Referee to schedule another hearing for the sole purpose of allowing the employer to submit its DVD evidence. Thereafter, the UCBR held that the claimant was eligible for UC benefits. With regard to the employer's evidence, the UCBR considered only the testimony regarding the DVD, determining that any additional testimony was outside the scope of the remand hearing. The UCBR concluded that the employer's testimony concerning information it received from its private investigator was hearsay, and concluded that the claimant was eligible for UC benefits. The employer appealed to this Court.

This Court held that the observations conveyed by the private investigator over the telephone to the employer were reliable because they were contemporaneously made as the event was unfolding. Thus, the employer's testimony concerning the private investigator's statement was admissible under the present sense impression hearsay exception, and the UCBR erred in rejecting the

4

employer's testimony on this subject as inadmissible hearsay. Further, this Court determined that the letter was properly admitted into evidence and the UCBR should have considered it because it was unobjected-to hearsay corroborated by the employer's testimony. This Court ultimately remanded the matter to the UCBR for a new decision containing additional findings of fact based on the existing record.

Here, the Referee admitted into evidence without objection Employer's Principal's testimony concerning her investigation of Claimant's purported misconduct. Although the Principal did not hear Claimant call a student an idiot, she testified about her investigation of the matter. Employer contends that the information the Principal gathered corroborated the allegations made against Claimant. Specifically, the Principal explained that she followed the normal protocol for conducting an investigation (i.e., that she gathered statements and spoke with people who were present in the classroom), and learned from the classroom assistant that, in close time and space, the assistant heard a student say Claimant had called the student an idiot.[3] The Principal also described her firsthand experiences of Claimant's *prior* Code of Conduct violations, and her *prior* counseling and discipline of Claimant for same. However, none of these statements are competent evidence that Claimant called a student an idiot, as they are not firsthand testimony or admissible non-hearsay evidence that he did so. Accordingly, *Bell* is inapposite.

Employer asserts that Claimant's May 11, 2020 letter to the Referee's Office, which was admitted into the record, corroborated the Principal's hearsay testimony that Claimant engaged in the prohibited conduct. Claimant's letter declared:

> This letter is to inform [sic] I cannot make the hearing
> scheduled for May 12[, 2020,] at 2:00 p[.]m[.] because of

---

[3] The Principal's statement that the assistant heard the student say that Claimant called him an idiot is, essentially, hearsay upon hearsay.

my work schedule. All I was looking for [sic] unemployment funds, yes **I am guilty of what**[]**ever** [**Employer**] **is claiming**. If you need to speak with me, I am available at [redacted]. Thank you.

Reproduced Record (R.R.) at 148a (emphasis added). However, Claimant's admission to *whatever* is not an admission to calling a student an idiot. *See Bailey v. Unemployment Comp. Bd. of Rev.*, 597 A.2d 241, 243 (Pa. Cmwlth. 1991) ("At no time did [the c]laimant testify as to the specific language which he directed at the terminal supervisor, but only acknowledged that he used *abrasive* language." "As such, the Referee had no substantial evidence upon which to make a finding that [the c]laimant had directed abusive language towards the terminal supervisor[.]).") Accordingly, Claimant's letter is not competent evidence to corroborate the Principal's testimony.

Employer also insists that Claimant's admissions in his UC Questionnaire corroborated the Principal's hearsay testimony that Claimant engaged in the prohibited conduct. However, the UC Claimant Questionnaire provided: "Please indicate the reason **you were given** for being discharged or suspended," to which Claimant checked the box "Rule Violation." R.R. at 9a (emphasis added). In answer to the next question: "What was the rule that **you were accused of** violating," Claimant wrote "#35 inappropriate remarks." *Id.* (emphasis added). Clearly, Claimant was only responding that Employer accused him of, and discharged him for, violating the rule, not that he committed such violation.

Based on this Court's review, the UCBR properly disregarded Employer's hearsay evidence that was admitted without objection because it was not "corroborated by other competent evidence in the record."[4] *Bell*, 49 A.3d at 55. Without such evidence, Employer failed to meet its burden of proving Claimant

---

[4] Because this Court determined that competent evidence was not admitted into the record, Employer's second issue is moot.

committed willful misconduct.  Accordingly, this Court is constrained to affirm the UCBR's order.

        For all of the above reasons, the UCBR's order is affirmed.


_____
ANNE E. COVEY, Judge

Chester Community Charter School,   :
             Petitioner     :
                                :
        v.                 :
                                :
Unemployment Compensation     :
Board of Review,             :   No. 14 C.D. 2021
             Respondent  :

## O R D E R

AND NOW, this 3ʳᵈ day of October, 2022, the Unemployment Compensation Board of Review's December 14, 2020 order is affirmed.

_____
ANNE E. COVEY, Judge