# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Katie Elizabeth Moyer,        :
            Petitioner       :
                       :
       v.               :
                       :
Unemployment Compensation    :
Board of Review,            :    No. 1466 C.D. 2022
            Respondent    :    Submitted: October 10, 2023

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                 HONORABLE LORI A. DUMAS, Judge
                 HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                             FILED: November 1, 2023

Katie Elizabeth Moyer (Claimant), pro se, petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) August 30, 2022 order affirming the Referee's decision that found Claimant ineligible to receive UC benefits under Section 402(e) of the UC Law (Law).[1] The issue before this Court is whether the UCBR erred by concluding that Claimant engaged in willful misconduct.[2] After review, this Court affirms.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (referring to willful misconduct).

[2] Claimant's brief does not comply with Pennsylvania Rule of Appellate Procedure 2111(4), which requires a Statement of the Questions Involved. *See* Pa.R.A.P. 2111(4). However, her primary arguments appear to be that the Referee did not have all of the facts because Claimant was unable to attend the hearing, and Claimant did not commit willful misconduct because she did not intentionally do anything wrong. These arguments are encompassed in this Court's statement of the issue.

Presbyterian Medical Center of Philadelphia (Employer) employed Claimant in a *casual-per diem* capacity as a physical therapist in the University of Pennsylvania Health System (Health System) from October 10, 2016, until August 31, 2021. Employer maintained an Immunization Policy that required all Health System employees to be fully vaccinated against COVID-19 by September 1, 2021. Employer notified all employees, including Claimant, that they had to be fully vaccinated for the COVID-19 virus no later than September 1, 2021. Employer sent four emails to Claimant and other employees between May 19 and July 22, 2021, informing them of the vaccination requirement and deadline. Claimant's manager also notified Claimant of the vaccination requirement and deadlines during weekly meetings.

The Immunization Policy permitted requests for exemption from the COVID-19 immunization requirement for medical or religious reasons. The deadline to submit an exemption request was July 9, 2021. Employer sent Claimant multiple emails notifying her of the exemption deadline. On August 2, 2021, Claimant requested an exemption application from Employer. By August 3, 2021 email, Employer notified Claimant that the deadline to submit religious exemption forms was July 9, 2021, and that Employer was no longer reviewing exemption applications. *See* Certified Record (C.R.) at 79. On August 11, 2021, Claimant submitted a religious exemption request. *See* C.R. at 88. On August 12, 2021, Employer notified Claimant that it was no longer accepting exemption applications. *See id.* Claimant did not provide a reason why she did not submit her request before the exemption deadline. On September 1, 2021, Claimant was placed on administrative leave because she did not obtain the COVID-19 vaccination by the deadline and, thus, violated the Immunization Policy. By September 15, 2021 letter, Employer discharged Claimant due to her failure to comply with Employer's COVID-19 Immunization Policy.

Claimant applied for UC benefits. On January 11, 2022, the Duquesne UC Service Center determined that Claimant was eligible for UC benefits under Section 402(e) of the Law. Specifically, the UC Service Center concluded that, although the facts indicated that Claimant's actions constituted willful misconduct, i.e., a rule violation, Claimant had shown good cause for her actions, i.e., a religious exemption. Employer appealed, and a Referee held a hearing on June 16, 2022. Claimant did not attend the hearing. On June 16, 2022, the Referee reversed the UC Service Center's determination, finding Claimant ineligible for UC benefits under Section 402(e) of the Law. Claimant appealed to the UCBR. On August 30, 2022, the UCBR adopted the Referee's findings of fact and conclusions of law, and affirmed the Referee's decision. Claimant appealed to this Court.[3]

Initially,

> Section 402(e) of the Law provides that an employee is ineligible for [UC] benefits when [her] unemployment is due to discharge from work for willful misconduct connected to [her] work. The employer bears the burden of proving willful misconduct in a[] [UC] case. Willful misconduct has been defined as[:] (1) an act of wanton or willful disregard of the employer's interest; (2) a deliberate violation of the employer's rules; (3) a disregard of standards of behavior which the employer has a right to expect of an employee; or (4) negligence indicating an intentional disregard of the employer's interest or a disregard of the employee's duties and obligations to the employer.

---

[3] "'Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence.' *Miller v. Unemployment Comp. Bd. of Rev*[.], 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014)." *Talty v. Unemployment Comp. Bd. of Rev.*, 197 A.3d 842, 843 n.4 (Pa. Cmwlth. 2018).

3

*Sipps v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 479, 481 (Pa. Cmwlth. 2018) (emphasis omitted) (quoting *Dep't of Transp. v. Unemployment Comp. Bd. of Rev.*, 755 A.2d 744, 747 n.4 (Pa. Cmwlth. 2000) (citation omitted)).

> Where willful misconduct is based upon the violation of a work rule, the employer must establish the existence of the rule [and] its reasonableness, and that the employee was aware of the rule. Once employer meets this burden, the burden shifts to the claimant to prove that the rule was unreasonable or that [she] had good cause for violating the rule.

*Sipps*, 181 A.3d at 482 (quoting *Weingard v. Unemployment Comp. Bd. of Rev.*, 26 A.3d 571, 574-75 (Pa. Cmwlth. 2011) (citation omitted)). Ultimately, "[t]he question of whether conduct rises to the level of willful misconduct is a question of law to be determined by this Court." *Scott v. Unemployment Comp. Bd. of Rev.*, 105 A.3d 839, 844 (Pa. Cmwlth. 2014).

Claimant argues that she had a religious exemption from the Immunization Policy which she submitted to Employer. Claimant maintains that she believed the deadline for submitting a religious exemption was September 1, 2021. However, Employer submitted evidence at the Referee hearing, which the UCBR found credible, establishing that Employer provided notice of the July 9, 2021 exemption request deadline to Claimant and other employees several times by email and during meetings.

Claimant does not dispute that she violated Employer's Immunization Policy requiring a COVID-19 vaccine by September 1, 2021. Claimant argues that her violation of the Immunization Policy was justified because she timely submitted a religious exemption. Claimant, however, did not raise this issue before the

4

Referee, as she did not appear at the hearing.[4] The law is well established that "[t]he UCBR cannot review evidence that was not submitted to the Referee, unless it directs the taking of additional evidence. [*See* Section 101.106 of the UCBR's Regulations,] 34 Pa. Code § 101.106." *Umedman v. Unemployment Comp. Bd. of Rev.*, 52 A.3d 558, 564 (Pa. Cmwlth. 2012). Moreover, notwithstanding Claimant's argument that her Immunization Policy violation was justified because she timely submitted a religious exemption, the record evidence does not support her claim, and "[t]his Court may not consider any evidence that is not part of the certified record on appeal." *Id*. (quoting *Pa. Tpk. Comm'n v. Unemployment Comp. Bd. of Rev.*, 991 A.2d 971, 974 (Pa. Cmwlth. 2009)). Accordingly, based on the record evidence the UCBR properly found that Claimant committed willful misconduct.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[4] Claimant did not request a remand hearing to explain why she did not appear at the Referee hearing.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Katie Elizabeth Moyer,                          :
                Petitioner              :
                                       :
        v.                                      :
                                       :
Unemployment Compensation       :
Board of Review,                            :   No. 1466 C.D. 2022
                Respondent            :

## O R D E R

AND NOW, this 1st day of November, 2023, the Unemployment Compensation Board of Review's August 30, 2022 order is affirmed.

_____

ANNE E. COVEY, Judge