IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marlene Goldman,      :
     Petitioner   :
             :
   v.        :
             :
Unemployment Compensation  :
Board of Review,     :  No. 737 C.D. 2023
     Respondent  :  Submitted: July 5, 2024


BEFORE: HONORABLE ANNE E. COVEY, Judge
     HONORABLE STACY WALLACE, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY         FILED:  August 20, 2024

    Marlene Goldman (Claimant) petitions this Court, pro se, for review of the Unemployment Compensation (UC) Board of Review's (UCBR) March 2, 2023 order affirming the Referee's decision that denied Claimant Pandemic Unemployment Assistance (PUA) benefits under Section 2102(a)(3) of the Coronavirus Aid, Relief, and Economic Security (CARES) Act,[1] and affirmed a non-fraud overpayment of PUA, Federal Pandemic UC (FPUC), and Lost Wage Assistance (LWA) benefits.  The issue before this Court is whether Claimant was eligible for PUA benefits when she was eligible for other program benefits and she did not demonstrate that she previously exhausted those benefits.[2]  After review, this Court affirms.

---

[1] 15 U.S.C. § 9021(a)(3) (defines a covered individual).

[2] This above issue is as framed by the UCBR, *see* UCBR Br. at 1, since Claimant did not set forth issues in her Statement of Questions Involved but, rather, explained in narrative form why she believes she is entitled to benefits, i.e., Claimant did not know what benefits to apply for

Claimant applied for UC benefits in March 2020, based on lack of available work due to the COVID-19 pandemic (Pandemic), and was not disqualified from receiving those benefits. Thereafter, Claimant applied for PUA benefits, effective August 23, 2020. Claimant and her husband work together resetting retail locations, which employment was greatly reduced or eliminated during the Pandemic. Claimant and her husband would sometimes work as independent contractors but have not done so since Claimant applied for UC benefits. Eventually, Claimant exhausted her UC benefits, making her eligible for Pandemic Emergency UC (PEUC) based on the exhausted UC claim. When Claimant received notice that her UC benefits were going to end, she applied for PUA because she and her husband were supposed to begin some independent contractor work. However, the independent contractor work never came to fruition.

Beginning with week ending January 2, 2021, Claimant's PEUC claims were extended pursuant to the Continued Assistance for Unemployed Workers Act of 2020 (CAA),[3] and eventually the American Rescue Plan Act of 2021,[4] for an additional 36 weeks. Because of those extensions, Claimant had potential eligibility for PEUC benefits beginning as of January 2, 2021. Claimant filed for and received PUA benefits for weeks ending August 29, 2020 and September 5, 2020, in the amount of $221.00 per week. Claimant filed for and received PUA benefits for weeks ending September 12, 2020 through March 13, 2021, and March 27, 2021 through May 29, 2021, in the amount of $200.00 per week. When filing her weekly

---

because nobody at the Department of Labor and Industry answered the phone when she attempted to call and ask for which benefits she should apply. *See* Claimant Br. at 11-12. Because the issue as stated by the UCBR is clear from the record, and Claimant is proceeding pro se, this Court will address it.

[3] Pub. L. No. 116-260, 135 Stat. 1182. The CAA amended Section 2102(h) of the CARES Act, 15 U.S.C. § 9021(h), to offer a repayment waiver for PUA overpayments identical to the repayment waiver provisions for FPUC overpayments under Section 2104(f) of the CARES Act, 15 U.S.C. § 9023(f).

[4] Pub. L. No. 117-2, 135 Stat. 4, 15 U.S.C. §§ 9001-9013.

certifications for benefits, Claimant stated that she was scheduled to begin a job that was cancelled due to the Pandemic.

As a result of receiving PUA benefits for weeks ending August 29, 2020 and September 5, 2020, Claimant also received LWA benefits for each of those weeks in the amount of $300.00 per week. As a consequence of receiving PUA benefits for weeks ending January 2, 2021 through May 29, 2021, Claimant also received FPUC benefits for those weeks in the amount of $200.00 per week.

On November 3, 2021, the Department of Labor and Industry (Department) determined that Claimant was not eligible for benefits under Section 2102(a)(3) of the CARES Act. Claimant appealed from that determination on November 5, 2021. A Referee held a hearing on May 20, 2022. On May 26, 2022, the Referee affirmed the Department's determination and ruled that Claimant was not eligible for PUA benefits under Section 2102(a)(3) of the CARES Act, effective August 23, 2020, and that she owed a non-fraud PUA overpayment in the amount of $8,038.00 under Section 2103(f) of the CARES Act. Further, the Referee determined that Claimant was not eligible for LWA benefits for weeks ending August 29, 2020 and September 5, 2020, in consideration of the Robert T. Stafford Disaster Relief and Emergency Assistance Act,[5] and she owed a non-fraud LWA overpayment of $600.00 under Section 262(b) and (c) of the CAA.[6] Finally, the Referee ruled that Claimant was not eligible for FPUC benefits under Section 2104 of the CARES Act[7] for weeks ending January 2, 2021 through May 29, 2021, and that she owed a non-fraud FPUC overpayment of $6,000.00 pursuant to Section 2104(f)(2) and (f)(3) of the CARES Act.[8] Claimant appealed to the UCBR. On

---

[5] 42 U.S.C. § 5174 (relating to federal assistance to individuals and households).
[6] *See* Certified Record at 102-103.
[7] 15 U.S.C. § 9023 (relating to emergency increases in UC).
[8] 15 U.S.C. § 9023(f)(2) (relating to repayment of non-fraud overpayment), (f)(3) (relating to state recovery of non-fraud overpayments).

March 2, 2023, the UCBR affirmed the Referee's decision and adopted and incorporated the Referee's findings of fact and conclusions of law. Claimant appealed to this Court.[9]

Initially, Claimant appealed from four separate Department determinations (Dec. Nos. 2021050169-AT, 2021050176-AT, 2021050183-AT, and 2021050697-AT).[10] *See* Certified Record (C.R.) at 81-82. In addition to Claimant's appeal from her PUA ineligibility, the other three docket numbers addressed Claimant's overpayments of PUA benefits, LWA benefits, and FPUC benefits, respectively. *See id.* The Referee held one hearing for all four appeals, but issued separate decisions for each appeal.[11] *See* C.R. at 81-82, 92. Claimant appealed from all four Referee decisions, and the UCBR issued four separate orders. *See* UCBR's Br. at 6 n.5. However, Claimant only appealed from the UCBR's decision finding her ineligible for PUA benefits (UCBR Docket No. 2022006279-BR). *See* Pet. for Rev. Thus, the only issue before this Court is whether Claimant is eligible for PUA benefits.

Section 2102(a)(3) of the CARES Act provides:

The term "covered individual"--

**(A)** means an individual who--

**(i)** is not eligible for regular compensation or extended benefits under [s]tate or [f]ederal law or [PEUC] under [S]ection 9025 of [the CARES Act], including **an individual who has exhausted all rights to regular [UC]**

---

[9] This Court's "'review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence.' *Miller v. Unemployment Comp. Bd. of Rev*[.], 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014)." *Talty v. Unemployment Comp. Bd. of Rev.*, 197 A.3d 842, 843 n.4 (Pa. Cmwlth. 2018).

[10] Only two of the appeals are included in the Certified Record, the one at issue herein (Dec. No. 10329827), and another one (Dec. No. 10329837). *See* Certified Record at 33, 36.

[11] Only the Referee decision concerning the appeal currently before this Court is included in the Certified Record (Referee Docket No. 2021050176-AT). *See* C.R. at 98-104.

4

**or extended benefits** under [s]tate or [f]ederal law **or** [**PEUC**] under [S]ection 9025 of [the CARES Act.]

15 U.S.C. § 9021(a)(3) (text emphasis added).

> Here, Claimant's husband testified:[12]
>
> R[eferee:] Okay. So[,] what is your primary -- do you know what your wife's primary source of livelihood is? Is it the [independent contract] work, or is it the covered employment?
>
> C[laimant's husband:] Well, as of now it's the regular -- you know, regular jobs.
>
> R[eferee:] Do you know if she was -- so when you said that the regular [UC] was cancelled or whatever happened, what happened to cause you [to] think that it was cancelled?
>
> C[laimant's husband:] Well, **I got a letter**, **an e-mail**, **that we're running low on funds**. So[,] **I figured that since we're running low on funds**, **then I'm able to file for the PUA because that**, like I said, **it said self-employed**.[13]
>
> R[eferee:] Um-hum.
>
> C[laimant's husband:] And **we *would* have been self-employed if the work hadn't been cancelled**.

C.R. at 134 (bold and italic emphasis added).

> Claimant's husband continued:
>
> R[eferee:] So was your wife able to file for a regular [UC c]laim and get paid on that before the PUA?
>
> C[laimant's husband:] Well, she was on -- she was on the regular -- the regular whatever -- UC. . .

---

[12] Claimant testified first and stated that she did not remember anything, but her husband did, and her husband helped her fill out all of the paperwork. *See* C.R. at 87-88.

[13] Claimant's husband testified that they had not done independent contractor work since before the Pandemic, and although they were set to begin independent contractor work again, it was cancelled before they started. *See* C.R. at 89, 90-92.

R[eferee:] Um-hum.

C[laimant's husband:] . . . until -- then I switched over.

R[eferee:] I see.

C[laimant's husband:] I'm sorry.  Both of us got a letter -- I mean an e-mail that we're running low on funds.

R[eferee:] Um-hum.  Did you ever -- do you know if she ever filed for the PEUC extension?

C[laimant's husband:] I don't believe so.

*Id.*

Based on the above, the Referee determined:

In this case,[] [C]laimant admitted during the hearing that she was never disqualified from regular [UC] benefits or the extensions.  The [R]eferee takes official notice that [] [C]laimant has potential for PEUC eligibility beginning with week ending January 2, 2021[,] due to federal legislation extending PEUC benefits.  Additionally, there is no evidence that [] [C]laimant has exhausted her PEUC benefits, or that she has filed for [extended benefits].  Further, based on [] [C]laimant and her witness's credible testimony, [] [C]laimant has not performed any independent contractor services since filing [for UC benefits] in 2020, and there is no need to investigate whether [] [C]laimant should be considered self-employed for UC eligibility purposes.  As such, because [] [C]laimant has potential eligibility for PEUC benefits, [] [C]laimant cannot be eligible for PUA benefits under Section 2102(a)(3) of the CARES Act.

C.R. at 102.

The UCBR adopted the Referee's findings of fact and conclusions of law and concluded:

At the hearing, [] [C]laimant, and [] [C]laimant's husband, who filed the claims on her behalf, admitted that she received regular UC benefits during the [P]andemic from March 2020 through August 2020.  [] [C]laimant filed for PUA because she believed the regular UC benefits were

6

exhausted. However, she did not apply for extended UC benefits and received no disqualifications. [] [C]laimant's husband confirmed that [] [C]laimant did not work as an independent contractor in 2020. As the [C]laimant was eligible for other program benefits, and did not demonstrate that she exhausted those benefits, she did not qualify for PUA. By extension, [] [C]laimant was also not eligible for [FPUC] or [LWA] benefits. Because [] [C]laimant received PUA, FPUC, and LWA benefits to which she was not entitled, she has overpayments in the amounts she received. There being no evidence of fraud, the Referee properly found [] [C]laimant had non-fraud overpayments of PUA, FPUC[,] and LWA.

C.R. at 121-122. This Court discerns no error in the UCBR's conclusion.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marlene Goldman,                                  :
                         Petitioner               :
                                                  :
            v.                                    :
                                                  :
Unemployment Compensation                         :
Board of Review,                                  :        No. 737 C.D. 2023
                         Respondent               :

## O R D E R

AND NOW, this 20th day of August, 2024, the Unemployment Compensation Board of Review's March 2, 2023 order is affirmed.

_____
ANNE E. COVEY, Judge