IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chanel Burrell,                          :        CASES CONSOLIDATED
                          Petitioner     :
                                         :
              v.                         :
                                         :
Unemployment Compensation                :
Board of Review,                         :        Nos. 1390-1396 C.D. 2022
                          Respondent     :        Submitted: August 9, 2024


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                      FILED:  September 25, 2024


          Chanel Burrell (Claimant) petitions this Court, pro se, for review of the
Unemployment Compensation (UC) Board of Review's (UCBR) September 2, 2022
orders affirming the Referee's decisions and finding Claimant ineligible for
Pandemic Unemployment Assistance (PUA) benefits under Section
2102(a)(3)(A)(ii)(I)(gg) of the Coronavirus Aid, Relief, and Economic Security
(CARES) Act,[1] for claim weeks ending February 2, 2020 through September 4,
2021; ineligible for Federal Pandemic UC (FPUC) under Section 2104 of the
CARES Act[2] for weeks ending April 4, 2020 through July 25, 2020, January 2, 2021
through March 13, 2021, and March 20, 2021 through September 4, 2021; and

_____

[1] 15 U.S.C. § 9021(a)(3)(A)(ii)(I)(gg) (defines a covered individual as an individual who
"was scheduled to commence employment and does not have a job or is unable to reach the job as
a direct result of the COVID-19 public health emergency").
[2] 15 U.S.C. § 9023 (relating to FPUC).

ineligible for Lost Wage Assistance (LWA) under the Robert T. Stafford Disaster Relief and Emergency Assistance Act (Stafford Act)[3] and the Continued Assistance for Unemployed Workers Act of 2020 (CAA)[4] for weeks ending August 1, 2020 through September 5, 2020, with non-fraud overpayments.[5] The issue before this Court is whether Claimant was eligible for PUA benefits, and therefore eligible for FPUC and LWA. After review, this Court affirms.

Claimant has not worked since 2009. Claimant initially filed an application for PUA benefits, effective February 2, 2020. Claimant filed a subsequent application for PUA benefits, effective March 14, 2021. The Department of Labor and Industry (Department) issued Claimant $10,000.00 in PUA benefits for 50 claim weeks ending February 8, 2020 through March 13, 2021. The Department issued Claimant $5,000.00 in PUA benefits for 25 claim weeks ending March 20, 2021 through September 4, 2021. The Department issued Claimant $10,200.00 in FPUC benefits for 17 claim weeks ending April 4, 2020 through July 25, 2020. The Department issued Claimant $3,300.00 in FPUC benefits for 11 claim weeks ending January 2, 2021 through March 13, 2021. The Department issued Claimant $7,500.00 in FPUC benefits for 25 claim weeks ending March 20, 2021 through

---

[3] 42 U.S.C. § 5174 (relating to federal assistance to individuals and households).

[4] Pub. L. No. 116-260, 135 Stat. 1182. The CAA amended Section 2102(h) of the CARES Act, 15 U.S.C. § 9021(h), to offer a repayment waiver for PUA overpayments identical to the repayment waiver provisions for FPUC overpayments under Section 2104(f) of the CARES Act, 15 U.S.C. § 9023(f).

[5] Claimant appealed from eight separate Department of Labor and Industry determinations. The first decision concerned her eligibility for PUA benefits, and the remaining decisions concerned her non-fraud overpayments. The Referee held one hearing for all eight docket numbers, but issued eight nearly identical decisions. The UCBR also issued eight separate, but nearly identical decisions. Claimant appealed from seven of the eight UCBR orders. By August 8, 2023 Order, this Court granted the UCBR's Motion to Consolidate the cases.

The UCBR order that Claimant did not appeal from determined Claimant's ineligibility for PUA benefits for weeks ending February 2, 2020 through September 4, 2021. Therefore, Claimant's eligibility for PUA benefits for those weeks is not before this Court.

September 4, 2021. The Department issued Claimant $1,800.00 in LWA benefits for 6 claim weeks ending August 1, 2020 through September 5, 2020.

On January 10, 2022, the Department issued a determination denying Claimant PUA benefits for claim weeks ending March 14, 2021 through September 4, 2021, in accordance with Section 2102(a)(3)(A)(ii)(I) of the CARES Act. Claimant did not receive this determination by mail and was unable to access her portal account. On February 11, 2022, the Department issued a determination denying Claimant PUA benefits for claim weeks ending February 2, 2020 through September 4, 2021, in accordance with Section 2102(a)(3)(A)(ii)(I) of the CARES Act. On February 11, 2022, the Department also issued the following 6 overpayment determinations: (1) a $10,000.00 PUA non-fraud overpayment for weeks ending February 8, 2020 through March 6, 2021; (2) a $5,000.00 PUA non-fraud overpayment for weeks ending March 20, 2021 through September 4, 2021; (3) a $10,200.00 FPUC non-fraud overpayment for weeks ending April 4, 2020 through July 25, 2020; (4) a $3,300.00 FPUC non-fraud overpayment for weeks ending January 2, 2021 through March 13, 2021; (5) a $7,500.00 FPUC non-fraud overpayment for weeks ending March 20, 2021 through September 4, 2021; and (6) an $1,800.00 LWA non-fraud overpayment for weeks ending August 1, 2020 through September 5, 2020. On February 17, 2022, Claimant went to the Career Link Center in Philadelphia to have her PUA password reset.

On February 23, 2022, Claimant appealed from the January 10, 2022 and February 11, 2022 determinations.[6] On March 15, 2022, a Referee held a hearing. On March 16, 2022, the Referee affirmed the Department's determinations and ruled that Claimant was ineligible for PUA benefits under Section

_____

[6] The Referee later found that Claimant did not receive the January 10, 2022 determination by mail and was unable to access her PUA portal account. For that reason, the Referee deemed Claimant's appeal from that determination as timely under Section 501(e) of the UC Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

3

2102(a)(3)(A)(ii)(I) of the CARES Act, for claim weeks ending February 2, 2020 through September 4, 2021, and March 14, 2021 through September 4, 2021; and, by extension, Claimant was ineligible for FPUC and LWA under Section 2104 of the CARES Act, Section 408(e)(2) of the Stafford Act,[7] and Section 262 of the CAA[8] for the compensable weeks at issue; non-fraud overpayments of PUA benefits in the amounts of $5,000.00 and $10,000.00 were established under Section 2104(f) of the CARES Act; a non-fraud overpayment of FPUC benefits in the amounts of $7,500.00, $10,200.00, and $3,300.00 was established under Section 2104(f) of the CARES Act; a non-fraud overpayment of LWA benefits in the amount of $1,800.00 was established under Section 2104(f) of the CARES Act, Section 408(e)(2) of the Stafford Act, and Section 262 of the CAA; and Claimant's appeals were timely, pursuant to Section 501(e) of the UC Law.

Claimant appealed to the UCBR. On September 2, 2022, the UCBR adopted and incorporated the Referee's findings of fact and conclusions of law with

---

[7] 42 U.S.C. § 5174(e)(2) ("The President, in consultation with the Governor of a [s]tate, may provide financial assistance under this section to an individual or household described in paragraph (1) to address personal property, transportation, and other necessary expenses or serious needs resulting from the major disaster.") This provision authorized the additional $300.00 weekly benefit under LWA to individuals who, *inter alia*, certified they were unemployed due to COVID-19. *See* Certified Record (C.R.) at 169.

[8] *See* C.R. at 169-170.

one exception,[9] and affirmed the Referee's decisions. Claimant appealed to this Court.[10]

Initially, Section 2102(a)(3) of the CARES Act provides, in relevant part:

> The term "covered individual"--
>
> **(A)** means an individual who--
>
> . . . .
>
> **(ii)** provides self-certification that the individual--
>
> **(I)** is otherwise able to work and available for work within the meaning of applicable [s]tate law, except the individual is unemployed, partially unemployed, or unable or unavailable to work because--[of reasons related to COVID-19, including:]

---

[9] The UCBR explained:

> The last two paragraphs of the Reasoning portion of the Referee's decision are corrected to read:
>
> "Since [] Claimant is ineligible for FPUC [and] LWA benefits, overpayments must be established.
>
> Therefore, non-fraud overpayments are established under the provisions of Section 2104(f)(2), (3), and (3)(a) of the CARES Act, Section 408(e)(2) of the Stafford Act, and Section 262 of the [CAA]."
>
> This correction is necessary to fix an obvious clerical error and to conform the Reasoning portion of the Referee's decision with his order affirming non-fraud overpayments of PUA, FPUC, and LWA benefits.

C.R. at 164; Supplemental Certified Record at 4-5. The Referee issued one decision addressing all of the Department's determinations. The UCBR issued two, virtually identical, decisions addressing Claimant's appeal from the Referee's decision.

[10] This Court's "'review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence.' *Miller v. Unemployment Comp. Bd. of Rev*[.], 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014)." *Talty v. Unemployment Comp. Bd. of Rev.*, 197 A.3d 842, 843 n.4 (Pa. Cmwlth. 2018).

5

. . . .

**(gg) the individual was scheduled to commence employment and does not have a job or is unable to reach the job as a direct result of the COVID-19 public health emergency**[.]

15 U.S.C. § 9021(a)(3) (text emphasis added).

Here, Claimant testified:

R[eferee:] Okay. When did you last work?

C[laimant:] **I last worked probably 2009**.

R[eferee:] Okay. Okay, and at that point, where were you working?

C[laimant:] I was looking [sic] for Quality Progressions.

R[eferee:] And what was your position there?

C[laimant:] Human Resources.

R[eferee:] Okay. Okay. Did you file for regular [UC] benefits?

C[laimant:] Regular at the time? No.

R[eferee:] Okay. Why did you file for the PUA benefits?

C[laimant:] **I filed for the PUA benefits because** . . . -- **during the pandemic and** [sic] **I was looking for work. And**, . . . **and trying to survive and basically**[.] **I received** . . . **a letter saying that I qualified**.

R[eferee:] Okay.

C[laimant:] **So I just kept filing** and, you know, no one[] stated that indifferent [sic] until I started seeing all this, you know, paperwork about I owe, I owe. And like, I didn't -- I was unable to get a dashboard for a moment on the PUA site. And like I said, I just started to see all the stuff around February 11th, [2022,] but nothing came by mail. Like and then everything just hit me at once, like all this money. Like, I don't understand. Like, I was told to keep, you know, filing. There was nothing stating that I

6

shouldn't be filing, or I didn't understand what rules I broke or what I did wrong.

Certified Record (C.R.) at 79-80 (emphasis added).

> Based on the above, the Referee determined:
>
> The individual must have an attachment to the labor market and must have experienced a loss of wages and hours or was unable to start employment following a bona fide job offer.
>
> In the present case, [] Claimant testified that she has not worked since 2009. As such, [] Claimant['s] testimony was insufficient to demonstrate that she was attached to the labor market at the time of the COVID-19 pandemic. Therefore, [] Claimant is ineligible for PUA benefits under the provisions of Section 2102 of the CARES Act . . . .
>
> . . . .
>
> Since [] Claimant is ineligible for the PUA benefits for the weeks at issue, [] Claimant is ineligible for FPUC benefits under Section 2104 of the CARES Act . . . .
>
> . . . .
>
> Since [] Claimant is ineligible for the PUA benefits for the weeks at issue, [] Claimant is ineligible for LWA benefits under Section 2104 of the CARES Act . . . .
>
> . . . .
>
> Since [] Claimant is ineligible for PUA benefits, an overpayment must be established. There is no competent evidence to indicate that the overpayment was the result of fraud. Therefore, a non-fraud overpayment is established under the provisions of Section 210[4(f)] of the CARES Act . . . .[11]

C.R. at 89.

---

[11] 15 U.S.C. § 9023(f).

7

The UCBR added:

Since [] Claimant is ineligible for FPUC [and] LWA benefits, overpayments must be established.

Therefore, non-fraud overpayments are established under the provisions of Section 2104(f)(2), (3), and (3)(a) of the CARES Act, Section 408(e)(2) of the Stafford Act, and Section 262 of the [CAA].

C.R. at 164.

The UCBR concluded:

[C]laimant's appeal to the [UCBR] complains that she received the PUA paperwork approving her to file for benefits. However, the PUA program relies on "self-certification" in the first instance. Here, [] [C]laimant's Claim Application Information form certified that she was "unemployed as a direct result of" COVID-19, which was not completely accurate. Rather, she had not worked since 2009, and by [her] own testimony, had filed for "disability" three or four times. Although she claimed she was conducting online searches for work at the time of the [COVID-19] pandemic, the federal CARES Act relevantly requires that "the individual [be] scheduled to commence employment and does not have a job or is unable to reach the job as a direct result of the COVID-19 public health emergency," to qualify for benefits. 15 U[.]S[.]C[.] § 9021(a)(3)(A)(ii)(I)(gg). Consequently, [] [C]laimant was properly adjudicated to be ineligible for PUA and derivative FPUC/LWA benefits. Moreover, the resulting [over]payments were determined to be non-fraud.

C.R. at 164-165. This Court discerns no error in the UCBR's conclusion.[12]

---

[12] Although the UCBR states that the overpayments were determined to be non-fraud overpayments, the issues before the Referee and, therefore, the UCBR, were whether Claimant was eligible for PUA, FPUA, and LWA, and whether Claimant was overpaid due to receiving same, *see* C.R. at 61, 76; the issue of whether the overpayments were non-fraud overpayments was not before the UCBR.

For all of the above reasons, the UCBR's orders are affirmed.

_____
ANNE E. COVEY, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chanel Burrell, : CASES CONSOLIDATED
          Petitioner :
 :
     v. :
 :
Unemployment Compensation :
Board of Review, : Nos. 1390-1396 C.D. 2022
          Respondent :

O R D E R

AND NOW, this 25th day of September, 2024, the Unemployment Compensation Board of Review's September 2, 2022 orders are affirmed.

_____
ANNE E. COVEY, Judge