IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyrell R. Keys,      :
    Petitioner   :
           :
    v.      :
           :
Unemployment Compensation :
Board of Review,    : No. 1116 C.D. 2024
    Respondent  : Submitted: August 8, 2025

BEFORE: HONORABLE ANNE E. COVEY, Judge
    HONORABLE CHRISTINE FIZZANO CANNON, Judge
    HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY        FILED: September 19, 2025

   Tyrell R. Keys (Claimant) petitions this Court, pro se, for review of the Unemployment Compensation (UC) Board of Review's (UCBR) June 21, 2024 order affirming the Referee's decision that denied him UC benefits under Section 402(e) of the UC Law (Law).[1] The sole issue before this Court is whether Claimant committed willful misconduct.[2] After review, this Court affirms.

   Claimant worked for Pine Environmental Services LLC (Employer) as a full-time customer service associate from November 28, 2022 until August 21,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (relating to willful misconduct).

[2] Claimant also presents the issue of whether Employer committed fraud. However, that issue is not before this Court because the only issue before the Referee and the UCBR was whether Claimant was eligible for benefits under Section 402(e) of the Law, i.e., whether Claimant was discharged from work for willful misconduct. *See* Claimant Br. at 7; *see also* UCBR Br. at 15 n.6. Because Claimant's brief's pages are not numbered, this Court references electronic pagination herein.

2023. Claimant's aunt was in poor health, and Claimant notified Employer of her condition. On August 20, 2023, Claimant texted Employer to let Employer know that he would not be in for work Monday, August 21 and Tuesday, August 22, 2023, due to his aunt's health issues. Despite sending the text message, Claimant appeared for work on Monday, August 21, 2023. Claimant did not show up for work on August 22, 2023. Claimant's aunt was admitted to the hospital on August 22, 2023, and Claimant stopped communicating with Employer.

Claimant was scheduled to work after August 22, 2023, but he did not appear for work nor did he call Employer. Employer attempted to call and text Claimant to ascertain the reason for his absences, but Claimant did not answer Employer's calls or respond to its text messages. On or about August 25, 2023, Employer discharged Claimant for job abandonment.

Claimant applied for UC benefits on August 27, 2023. On October 5, 2023, the Erie UC Service Center determined that Claimant was not eligible for UC benefits under Section 402(e) of the Law. Claimant appealed, and a Referee held a hearing. On February 8, 2024, the Referee affirmed the UC Service Center's determination. Claimant appealed to the UCBR. On June 21, 2024, the UCBR adopted and incorporated the Referee's findings of fact and conclusions of law, and affirmed the Referee's decision. Claimant appealed to this Court.[3]

> Initially, Section 402(e) of the Law provides, in relevant part, that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge . . . from work for willful misconduct *connected*

---

[3] This Court's "review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence." *Talty v. Unemployment Comp. Bd. of Rev.*, 197 A.3d 842, 843 n.4 (Pa. Cmwlth. 2018) (quoting *Miller v. Unemployment Comp. Bd. of Rev.*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014)).

*with his work*[.]" 43 P.S. § 802(e) (emphasis added). This Court has explained:

> [W]illful misconduct is defined by the courts as: (1) wanton and willful disregard of an employer's interests; (2) deliberate violation of rules; (3) disregard of the standards of behavior which an employer can rightfully expect from an employee; or (4) negligence showing an intentional disregard of the employer's interests or the employee's duties and obligations.

*Sangston v. Unemployment Comp. Bd. of Rev.*, 325 A.3d 892, 894 (Pa. Cmwlth. 2024) (quoting *Pierce-Boyce v. Unemployment Comp. Bd. of Rev.*, 289 A.3d 130, 135 (Pa. Cmwlth. 2022)). "Ultimately, '[t]he question of whether conduct rises to the level of willful misconduct is a question of law to be determined by this Court.' *Scott v. Unemployment Comp. Bd. of Rev.*, 105 A.3d 839, 844 (Pa. Cmwlth. 2014)." *Sangston*, 325 A.3d at 894.

Claimant argues that he informed Employer's branch manager that his aunt's health had declined and that he needed to be there for her in her time of need. Claimant testified:

> R[eferee] . . . . Do you recall your last day of work when you went to this position?
>
> C[laimant] Yes. Well, the day before, which would have been a Sunday, I had sent a text message to my branch manager, Michele Willis [(Willis)], and at the time my supervisor. Her name was Beatrice (phonetic). And I had informed them . . . I would not be in the office Monday or Tuesday. I'm in Baltimore taking care of a family member.
>
> R[eferee] Okay.
>
> C[laimant] Ironically, I did show up for work on the 21st. And . . .
>
> R[eferee] That would have been Monday . . .
>
> C[laimant] That Monday, yes.

3

R[eferee] Okay.

C[laimant] And I completed my shift and I had informed -- I don't believe [Willis] was in the office at the time. I believe she might have had to step out. So I went through the chain of command and I informed my supervisor. I said hey, my family member[,] which is my aunt[,] is still ill. There's a possibility that I will not be in tomorrow.

R[eferee] And that would have been Tuesday.

C[laimant] Which was Tuesday, yes.

. . . .

R[eferee] How about Wednesday the 23rd? Did you appear for work on that day?

C[laimant] No, I did not.

R[eferee] Was there a reason why you didn't go to work on the 23rd?

C[laimant] My aunt was admitted into the hospital that Tuesday evening, and I was in the hospital with her.

R[eferee] Okay. Did you let someone from [] Employer know you weren't going to be coming in on the 23rd?

C[laimant] I informed them, and they were already aware of my aunt's illness. At that time that I let them know -- it was like two weeks in advance I had told them what was going on. So they were well aware of everything that was going on with my family member, my aunt, and her health.

Certified Record (C.R.) at 96-97.

The Referee clarified:

R[eferee] Okay. When was your last contact with [] Employer?

C[laimant] The last time which would be the 21st, that Monday when I spoke with my supervisor.

R[eferee] Okay, and so I guess what I'm wondering, **at some point after the 21st**, **you didn't have an**

4

**opportunity to contact someone from [] Employer and let [] Employer know what was going on**.

C[laimant] **I did not**. Like I said, my concern was my aunt . . .

R[eferee] Right.

C[laimant] . . . and her health.

R[eferee] I understand.

C.R. at 98 (emphasis added).

The Referee concluded:

When the law is applied to the evidence, the Referee finds that [] [E]mployer has met its burden of proof. Although the Referee understood that [] [C]laimant wanted to be by his aunt's bedside, the Referee does not find that [] [C]laimant had good cause for not notifying [] [E]mployer for the reason for his absences. The Referee did not find credible [C]laimant's testimony that he did not have an opportunity to contact [] [E]mployer after August 21, 2023, with an update as to his status. In today's age of mobile communication, it appears to the Referee that [] [C]laimant could have either simply texted [] [E]mployer (as he did on August 20, 2023[,]) or made a quick phone call regarding his aunt's status. Instead, [] [C]laimant simply ignored [] [E]mployer's requests for information about his whereabouts.

C.R. at 174. This Court discerns no error in the Referee's reasoning.

"The [UCBR] is the ultimate finder of fact; questions regarding the weight of evidence and witness credibility are solely within its province." *Lowman v. Unemployment Comp. Bd. of Rev.*, 235 A.3d 278, 286 n.8 (Pa. 2020). Here, the UCBR adopted the Referee's findings of fact and conclusions of law. Accordingly, the UCBR did not err by determining that Claimant committed willful misconduct.

5

For all of the above reasons, the UCBR's order is affirmed.

_____

ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyrell R. Keys, : 
          Petitioner : 
           : 
        v. : 
           : 
Unemployment Compensation : 
Board of Review, :    No. 1116 C.D. 2024
          Respondent : 

## O R D E R

AND NOW, this 19th day of September, 2025, the Unemployment Compensation Board of Review's June 21, 2024 order is affirmed.

_____
ANNE E. COVEY, Judge